THE PEOPLE OF THE STATE OF NEW YORK ex rel. NEW YORK CENTRAL RAILROAD COMPANY, Respondent, *v.* CHARLES M. GILSON, as Mayor of the Village of East Syracuse, New York, and Others, Appellants.*

Fourth Department, October 6, 1933.

*Raymond O. Campbell* and *Frank J. Greiner* [*Melvin & Melvin* of counsel], for the appellants.

*Frank H. Hiscock* and *Maurice F. Lane,* for the respondent.

SEARS, P. J.   The proceeding is under the Tax Law to review the annual assessment roll for 1933 of the village of East Syracuse. The only service of the writ of certiorari was made by leaving with each of the public officers against whom it was directed a copy of the writ and exhibiting the original. This service is insufficient. The Tax Law, to be sure, contains no provision as to the method of service. On subjects upon which the Tax Law is silent the pertinent provisions of the Civil Practice Act are applicable. (*People ex rel. Empire Mortgage Co.* v. *Cantor,* 198 App. Div. 317.) Section 1294 of the Civil Practice Act makes provision for the method of service of an order of certiorari. This section is applicable to a proceeding under the Tax Law. (*Matter of Frank* v. *Board of Education,* 243 N. Y. 603, affg. 217 App. Div. 761.) The

* See *People ex rel. Three Four Three Realty Corporation* v. *Byrne* (149 Misc. 669).

provisions of this section were not complied with and the service is defective.

Further, the assessment as provided in sections 105 and 106 of the Village Law is made by the trustees (or a committee of the trustees) and the assessors. The trustees (or the committee) together with the assessors meet and hear objections to the preliminary roll made by the assessors alone (Village Law, § 105), but the trustees (or the committee) and the assessors complete the roll and are required to sign and verify the roll and file it with the village clerk (Village Law, §§ 105 and 106). This is the making of the roll which is sought to be reviewed in this proceeding (Village Law, § 109). The trustees (for in the instant case the entire board of trustees acted and not a committee) as well as the assessors are thus necessary parties to this proceeding. (*People ex rel. Union Bag & Paper Corp.* v. *Gilbert*, 143 Misc. 287.) It is too late to add the trustees who are not named in this proceeding as parties as the fifteen days after the filing of the roll and the giving of the statutory notices have long since expired.

The order should be reversed on the law, with ten dollars costs and disbursements, and the motion granted, with ten dollars costs.

All concur.

Order reversed on the law, with ten dollars costs and disbursements, and motion granted, with ten dollars costs.