In the Matter of the Application of WILLIAM TROY and Others, Constituting the Board of Education of the Union Free School District of the City of Little Falls, N. Y., against AUGUSTUS B. SANTRY, Mayor, and Others, Aldermen of the City of Little Falls, N. Y.

Supreme Court, Herkimer County, April 30, 1934.

*Bronner & Ward* [*Myron G. Bronner* of counsel], for the petitioner.

*Richard B. Conley, Corporation Counsel* [*Woodward W. Guile* of counsel], for the respondents.

DOWLING, J. The board of education of the city of Little Falls applies for an order of mandamus requiring the mayor and common council of the city of Little Falls to appropriate and raise, by taxation or otherwise, $91,284.30, for school purposes for the year 1934, instead of $83,794 actually allowed.

The respondents appear specially and raise the following preliminary objections:

" a. The Court does not obtain jurisdiction herein because the attempted service of process was wholly void and contrary to law.

" b. The application upon the order to show cause for the mandamus order herein, not being returnable to, and made at a regular special term, as required by law, this Court does not acquire jurisdiction.

" c. The petition and order to show cause herein and all proceedings thereunder are void by reason of a non-joinder of necessary parties respondent to wit: City Clerk and treasurer."

The respondents constitute a board or body within the meaning of section 1319 of the Civil Practice Act.

Petitioner instituted this proceeding by order to show cause which it served upon George W. Gressler, as acting mayor of the city of Little Falls, presiding officer of respondent body, the mayor of the city being absent from the State at the time. An uncertified copy of the order to show cause was delivered to said Gressler and the signature of the justice on the original order to show cause was exhibited to him. Petitioner maintains this service was sufficient to give the court jurisdiction.

When petitioner elected to make service upon the said acting mayor only, it was required to deliver to him a certified copy of said show cause order. (Civ. Prac. Act, §§ 1319, 1321; *People ex rel. New York Central R. R. Co.* v. *Gilson,* 239 App. Div. 108.) Having failed to do this, the court acquired no jurisdiction over respondents. The special appearance and the first preliminary objection are sustained and the proceeding is dismissed, without costs and without prejudice.

It is unnecessary to consider the remaining preliminary objections. Enter order accordingly.