THE PEOPLE OF THE STATE OF NEW YORK ex rel. ELSIE M. CHAMBERS and Another, Relators, *v.* WILLIAM LOGAN and Others, as Assessors of the Town of Broadalbin, County of Fulton and State of New York, Defendants.

Supreme Court, Washington County, November 20, 1934.

*Fred Linus Carroll & Son,* for the relators.

*Maider & Maider,* for the defendants.

BREWSTER, J. On September 17, 1934, last this court at Special Term at Fonda, N. Y., granted relators' petition for the issuance of a writ of certiorari directed to defendants. The allowance was made under the provisions of section 291 of the Tax Law to review defendants' recent assessment of petitioners' real property for the purposes of taxation in Fulton county. It was ordered that defendants make and serve their return to said writ upon petitioners' attorneys on or before October first, and that the writ be returnable at a Special Term to be held at Johnstown, N. Y., on October 8, 1934.

At the time of the return of said writ defendants appeared specially and moved to supersede it upon the ground that the court had failed to acquire jurisdiction because of the non-service upon them of a certified copy of the " certiorari order " as required by section 1294 of the Civil Practice Act. By consent of attorneys for all parties, this motion was then transferred to this court sitting at an adjourned trial and Special Term at Fonda, during the week beginning October twenty-ninth.

The questioned service was, in fact, made as follows upon each of the three defendants: by delivering to and leaving with each of them and the town clerk of the town of Broadalbin, personally, on September 18, 1934, a true copy of the petition upon which the order allowing the issuance of the writ was made with a written notice that the original had been filed in the county clerk's office, a true copy of said order with a written notice of its due entry in said clerk's office, a true copy of the writ which was issued out of and under the seal of this court on said day, and, at the time of the service of such papers, exhibiting to each of said defendants and to the town clerk the original writ thus issued. That full and ample service was thus made so as, in fact, to adequately apprise defendants of the issuance of said writ and their duties thereunder, and that such service was, in fact, timely, as regards such purpose, is not disputed. Defendants, however, take the position that the remedy which relators invoke being purely statutory, a strict com-

pliance therewith, which it is their duty to insist upon, must have been had, and that such failed when service was not made in the manner and form prescribed by the aforesaid section of the Civil Practice Act in that no certified copy of the "certiorari order" was served.

The Civil Practice Act in abolishing the writ of certiorari expressly saved the so-called writ of certiorari as it exists for the remedy of a complaining taxpayer under the provisions of the Tax Law to review assessments which are placed on the local tax rolls (Civ. Prac. Act, § 1283). The new form of certiorari proceeding established by the change has directly to do with the function and office of the former Code writ.

The existence of the remedy here invoked by the relator under the provisions of article 13 of the Tax Law had its origin in chapter 269 of the Laws of 1880, a revision of which formed the 1896 Tax Law (Laws of 1896, chap. 908), and from the latter statute the pertinent provisions of article 13 of the Tax Law were derived. It was held in *Mercantile National Bank* v. *Mayor, etc., of N. Y.* (172 N. Y. 35, 42) that the aforesaid act of 1880 created a "new and complete system" for reviewing upon certiorari, and for thereby correcting errors of the assessing officers and "resumed within itself" the remedy available to a taxpayer aggrieved by the action of an assessing officer and constituted the only authority for the review of errors in assessments. In this case, as in others before and after it, the general pronouncement is made to the effect that the provisions of the former Code of Civil Procedure, relating to a writ of certiorari as there established and regulated, are inapplicable to this new remedy, which was styled as a "new and complete system" for reviewing errors in assessments. The first of such pronouncements was made in *People ex rel. Church of Holy Communion* v. *Assessors, etc., Greenburgh* (106 N. Y. 671). It was reiterated on the authority of that case in *Matter of Corwin* (135 N. Y. 245, 249). It was again stated in *People ex rel. Manhattan R. Co.* v. *Barker* (152 N. Y. 417, 431). This last pronouncement was then quoted with approval in *People ex rel. Thomson* v. *Feitner* (168 N. Y. 441, 457), and again in *People ex rel. Sands* v. *Feitner* (173 id. 647, 649).

In *People ex rel. Church of Holy Communion* v. *Assessors, etc., Greenburgh* (*supra*) relief was sought under the aforesaid act of 1880, but the writ was made returnable at the General Term in Brooklyn in 1886 at which an order was made striking it from the calendar there because it should have been made returnable at Special Term as required by section 2 of said act. The pronouncement of the Court of Appeals, in affirming said order, as to the

inapplicability of the Code provisions thus applied to a situation where the act of 1880 controlled by an express provision. In *Matter of Corwin* (*supra*) it was held that section 2127 of the Code of Civil Procedure, making the granting of an application for a writ discretionary, did not apply, because the new act (Laws of 1880, chap. 269) was designed to afford a remedy where none existed before or where the previous remedy was inadequate, and it was held that the issuance of the writ in such case became a matter of right if the taxpayer brought his case within the provisions of the new remedial statute. In *People ex rel. Manhattan R. Co.* v. *Barker* (*supra*); *People ex rel. Thomson* v. *Feitner* (*supra*); *Mercantile National Bank* v. *Mayor, etc., of N. Y.* (*supra*), and *People ex rel. Sands* v. *Feitner* (*supra*) the reiterations of the general pronouncement as to the inapplicability of the Code provisions to the new act appear to have had reference only to the scope of inquiry under the Code writ.

*People ex rel. Rochester Telephone Co.* v. *Priest* (181 N. Y. 300, 306, 307) noted " some dispute " as to how far all or any of certain other provisions of the former Code of Civil Procedure applied to a writ of certiorari sanctioned by the Tax Law and there held that the principle which supported the questioned provisions of the Code did so apply but were embodied in the remedial statute. (Then Tax Law, § 45, now § 46.)

From the above cases it is thus seen that despite the general language employed, the inapplicability of the Code provisions to the writ of certiorari sanctioned by the Tax Law is as to (1) An expressed procedural provision in the Tax Law. (2) The nature of the availability of relief, viz., a matter of right and not of discretion. (3) Scope of inquiry, which in a proper case may be in the nature of a controversy to be determined or a *venire de novo*.

It is the foregoing cases which contain the general pronouncement of the inapplicability of the Code provisions upon which the relators rely to excuse their non-compliance with section 1294 of the Civil Practice Act as to service of process. I feel, therefore, that their position must yield to the views expressed in *People ex rel. New York Central R. R. Co.* v. *Gilson* (239 App. Div. 108, and cases there cited; affd., 265 N. Y. 457). Were it not for the decision in that case it would be my thought that the revision accomplished by article 7 of the Civil Practice Act in abolishing the ancient form of a State writ and supplying instead thereof an *order* as the vehicle, renders the method of service of such order inapplicable to the service of the preserved writ. The Civil Practice Act now, in its express provisions, deals only with a *certiorari order*, and section 1294 provides how it shall be served. No express provision is made

there or elsewhere as to the manner of service of the *writ of certiorari* sanctioned by the Tax Law and which the revision expressly saved. In the instant case, therefore, there was, in a strict sense, no " certiorari order " that could have been certified and served. Instead there was an order merely for the issuance of the ancient writ. There is a distinction between the two. Under the Civil Practice Act the " certiorari order " contains the command. It is the mandate. Under the Tax Law the order provided for is interlocutory, the mere permission and direction that the writ issue. The writ is the command. It is the mandate. Under the Civil Practice Act the process is termed a " certiorari order " while under the Tax Law it continues as of old in form embodied in a writ.

In *People ex rel. N. Y. C. R. R. Co.* v. *Gilson* (*supra*) service of the writ appears to have been made by only leaving a copy thereof with the officers against whom it was directed and exhibiting to them the original. Such service was held insufficient. In the instant case the service was in fact far more complete and certainly adequate to give full and timely notice of all that had transpired. Full and complete service was made as regards the service of the Code writ under the former provisions of section 2130 of the Code of Civil Procedure. At the time of the granting of the order directing the issuance of the writ the court had, and at the time of granting any " certiorari order " the court has power to give directions respecting its mode of service different from those prescribed by section 1294 of the Civil Practice Act. It is a new field to determine as to just how the service of process allowed under the sanction of the Tax Law can be made to comply specifically with the requirements of the Civil Practice Act. Must both the order allowing the writ and the writ itself be certified and served, or need only the order be certified? If only the order allowing the writ is required to be certified, the anomaly is presented of the requirement of certification of an intermediary direction, which is dispensed with as to the process itself. If the writ itself must also be certified, the hiatus occurs by the inferred presence of a most important requirement conspicuously absent from the express language of the Civil Practice Act — a requirement to certify a copy of court process expressly abolished by that act.

Since ample and timely notice was in fact given the defendants, it is my opinion that jurisdiction became complete to the extent that the defect in a studied and exact compliance with the requirements as to service is a remediable irregularity, curable as a matter of discretion to be exercised in the interests of justice. Section 105 of the Civil Practice Act here facilitates the general rule that courts have inherent power to amend their process (50 C. J. 599)

and renders apt the following quotation from *Mitchell* v. *Conley* (13 Ark. 414, 420), viz.: " It is the infirmity of this branch of the law, that no general rules can be safely laid down to govern amendments in practice. All that ought to be said is, that they are allowed for the furtherance of justice; that they ought to be so allowed as not to operate as a surprise, either in matter of law or fact, and always upon notice to the party to be affected by them; that they ought to rest in the discretion of the court allowing or refusing them, and that this discretion, if reviewed at all by the appellate court, ought rather to be revised where the amendment is wrongfully refused, than where it is erroneously allowed." At all events it appears patent that the court still has power to acquire jurisdiction complete. It seems that the technical defect in service may be supplied by amendment, by order *nunc pro tunc*, directing the service as made to be the mode (*Valz* v. *Sheepshead Bay Bungalow Corp.*, 249 N. Y. 122; *Mishkind-Feinberg Realty Co.* v. *Sidorsky*, 189 id. 402, 406, 408, and cases cited) or by a new allowance of another writ on the instant petition. In *Mott* v. *Commissioners of Highways of Rush* (19 Wend. 640) a motion to supersede a common-law writ of certiorari on the ground of defective service — the omission of a copy of the order allowing the writ — was denied upon the ground that the defect was curable by an amendment.

Upon the argument of the motion the contingency now met was envisioned and counsel agreed that any granting of the defendant's motion to supersede be held pending an application by relators for a further order in the premises. I, therefore, withhold the granting of defendants' motion for such reasonable time as will enable the relators to move anew as they may be advised.