THE PEOPLE OF THE STATE OF NEW YORK ex rel. CITY OF WATER-
TOWN, NEW YORK, Relator, *v.* B. Q. GILMORE and Others, as
Assessors of the Town of Hounsfield, Jefferson County, New
York.

Supreme Court, Jefferson County, February 23, 1938.

*Lawrence R. Ormiston, Corporation Counsel,* for the relator.

*Phelps, Hudson & Wise,* for the respondents.

SMITH (E. N.), J. The essential facts are undisputed. Some years ago the relator purchased 185 acres of land situate outside of its corporate limits and in the town of Hounsfield for the purpose of developing thereon an airport; it spent considerable money in draining and grading such land for such purpose, and thereafter entered into a written agreement with Taylor Airways, Inc., whereby it leased this property for airport purposes; the airport was operated by said Taylor Airways, Inc., for a period of time and until the lease was terminated. During the continuance of this agreement the property was not assessed by the assessors of the town of Hounsfield, but upon the termination of this agreement and while the airport was no longer in operation under an agreement, the assessors of the town of Hounsfield put it upon the assessment roll for the year 1937, assessing the land alone at $5,500. On or about the 17th day of August, 1937, the respondents met for the purpose of reviewing the assessments; the relator appeared on that day by Paul B. Sutton, city manager, and Lawrence R. Ormiston, its corporation counsel, and orally protested said assessment, but filed no written statement as required by section 27 of the Tax Law; they were not sworn, but made oral argument in protesting the assessment.

There is here no attempt to review the assessment on the ground of inequality, or overvaluation, or illegality in the procedure of making the assessment, but said motion is made only upon the ground that said real property is exempt from taxation under subdivision 16 of section 4 of the Tax Law.

The respondents, individually and by their attorneys, have appeared specially and object to the jurisdiction of the court, on the ground that the writ of certiorari herein was not served pursuant to the provisions of section 291 of the Tax Law, as amended.

There are three questions for determination: (1) That arising under the special appearance, as to whether the court has jurisdiction; (2) as to whether the so-called airport land is exempt from taxation, and (3) whether the proceedings for review complied with the law.

*First, as to whether the court has jurisdiction.* The method of serving a writ of certiorari under the Tax Law was governed by section 1294 of the Civil Practice Act, and the practice was to serve certified copies of the writ on all the individual members of the board of assessment in a town. (*People ex rel. New York Central R. R. Co.* v. *Gilson,* 239 App. Div. 108.) This method was pursued in this proceeding. Until the enactment of chapter 296 of the Laws of 1935, effective April 5, 1935, there was no provision in the Tax Law as to the method of service of a writ of certiorari. By the latter act, section 291 of the Tax Law was amended and a new clause was added, reading as follows: "If the assessment to be reviewed was made by the assessing officers of a city, town or village, service of such writ shall be made by delivering three copies thereof to the clerk of said city, town or village * * * and such clerk * * * shall forthwith notify the assessing officers." At the same session of the Legislature, by chapter 778 of the Laws of 1935, effective May 6, 1935, said section 291 was rewritten by the addition of a saving clause which reads as follows: "Where a writ of certiorari has heretofore been allowed and service of a copy of the writ was made upon such officers, * * * such service shall be sufficient." One effect of the amendments to said section 291 by the Laws of 1935 was to obviate the necessity of serving certified copies. (*People ex rel. DiLeo* v. *Edwards,* 247 App. Div. 331.) There were no repealing clauses.

The respondents raise the question of jurisdiction upon the ground that the service of the writ was not made in accordance with the provision of chapter 296 of the Laws of 1935, above quoted. The purpose of the amendment of 1935 is obvious; it was a matter of convenience; there is a town clerk in each town, having a definite office location; the assessors live in different parts of a town; their

residences had to be sought out; it was less expensive to serve three copies upon the town clerk.

In the view I take of this question of special appearance, it is unnecessary to consider whether the amendment to section 291 of the Tax Law worked an amendment to section 1294 of the Civil Practice Act; it certainly did not repeal it, nor, in my opinion, should it be construed as having amended it by the addition of the words of the amendment to section 291; and if it neither repealed nor amended it, then the old method was left open; and it should be, for a mandate of the court should be served personally upon the person to whom it is directed.

Following the general rule of statutory construction, repeals by implication are not favored, and a later statute is not deemed to repeal an earlier one without express words of repeal, unless the two are in such conflict that both cannot be given effect. It is apparent that these two sections are *in pari materia*. The amendment to section 291 under consideration uses the word " shall." I do not think that the legislative intent was that this use of the word " shall " was mandatory in purpose, but, rather, permissive, and it should be construed as if it were " may." So construed, it accomplishes the purpose which was the legislative intent, as hereinbefore indicated. Either method of service was open to the relator. Town clerks are not parties to certiorari proceedings; the town assessors are, and they have certain prescribed duties to perform in reference to making a return to a writ of certiorari. The writ could have no binding effect upon the assessors as a mandate until they had received it. This is a sort of a substitute service. To hold that a service upon the parties to whom the writ is addressed by the court is not proper would be absurd; to hold that, instead of going to the trouble of making such service, a relator might serve upon a town clerk instead, makes the amendment reasonable and not absurd. If a relator is willing to take the chance that the town clerk will perform his duty to notify the assessors, he is, under this construction, permitted to do so; but, by serving the assessors personally, he avoids the complications which might arise in case the town clerk failed to perform his duty to notify the assessors. I, therefore, am of the opinion that the special appearance is not well grounded, and that the court has jurisdiction over the respondents.

*Second, as to whether the airport is exempt from taxation.* It is the law of this State that all the real property within the State is taxable *unless exempt from taxation by law*. (Tax Law, § 3.) Section 4 of the Tax Law enumerates the property which is exempt from taxation. There are eighteen subdivisions of this section. We are here interested only in subdivision 16 thereof, which

reads as follows: " 16. Real property of a municipal corporation not within the corporation which under agreement with the corporation is used for a public park, public aviation field or highway shall be exempt from taxation while so used." This subdivision was formerly subdivision 23, added by chapter 595 of the Laws of 1924, and, as originally enacted, read: " 23. Real property of a municipal corporation not within the corporation which under agreement with the corporation is used for a public park or highway shall be exempt from taxation while so used." By chapter 673 of the Laws of 1926 this subdivision 23 was amended to read as follows: " 23. Real property of a municipal corporation not within the corporation which under agreement with the corporation is used for a public park, *public aviation field* or highway shall be exempt from taxation while so used." This subdivision has remained in this form down to the present time, with the exception that the subdivision is numbered " 16 " instead of " 23." (Laws of 1933, chap. 470.) The amendment only added the words " public aviation field."

So far as I have been able to discover, this subdivision 23 (now 16) has never been before the courts for interpretation. This augurs well for the suggestion that the language is so clear and definite that it interprets itself.

These things are obvious: (a) The property is only exempt from taxation " while so used; " that is, in this case, while used as a public aviation field. (b) It must be real property owned by the municipal corporation (here, the city of Watertown) and not within the corporation; that is, outside the corporate limits. (c) It is not exempt from taxation provided it is operated as a public aviation field by the municipality itself; in other words, if the public park, the public aviation field, or the public highway is operated by the municipality there is no exemption. (d) It is only when such real property of a municipal corporation is used *under agreement with the corporation* that it is exempt from taxation.

We may not here consider the policy of the Legislature in allowing a municipality to purchase land outside of the corporate limits for highway, public park or public aviation field purposes, nor the policy of making the property so purchased exempt from taxation only when it is operated *under agreement with the corporation.* It is significant in this case that while this property was operated under the agreement of lease with Taylor Airways, Inc., it was not assessed by the town of Hounsfield. It was only in the year 1937, when it was not being operated under an agreement, that the property was assessed for tax purposes. If the relator should make a new agreement for the use of said property for public aviation field purposes, the property no doubt would not be assessed by the assessors of the town of Hounsfield.

It is obvious that the words " agreement with the corporation " involve an agreement of another person, persons or corporate entity with the municipal corporation. There is no pretense that there was at the time of this assessment outstanding any such agreement for the use of the property involved as a public aviation field. It is claimed, however, by the relator that, because in a letter of the corporation, dated June 10, 1937, and addressed to the Tax Commissioner at Albany, it was stated that the United States Department of Commerce has redesignated this airport as a port of entry within the past ten days and that arrangements have been completed for the aviation units of the National Guard to utilize this field during the summer, such actions on the part of the United States Department of Commerce and probably the War Department of the United States brought the city of Watertown within the provisions of subdivision 16 of section 4 of the Tax Law. But this is far from an agreement to use this airport as a public aviation field. On the record here, at most, whatever privileges were given by the city to the United States, or to the War Department, or to the National Guard, these were mere permissions or licenses of a limited particular purpose to specific parties, and in no respect constitute an agreement with the city for the use of these lands as a public aviation field.

*Third, as to the legality of the proceedings.* Section 27 of the Tax Law (formerly section 37), covering the hearing of complaints before the assessors, reads: " such complainants shall file with the assessors a statement, under oath, specifying the respect in which the assessment complained of is incorrect, which statement must be made by the person * * * whose property is assessed."

In the present instance no such statement as is required by section 27 was filed with the assessors of the town of Hounsfield, nor was either the corporation counsel or the city manager sworn before the assessors at the meeting for the review of the assessment roll; all these city officials did was to appear at the appointed time and orally protest the assessment. There is nothing before the court to show that there was any waiver of the filing of a statement. It is my opinion that the filing with the assessors of a statement showing the grounds upon which it is claimed that the assessment is erroneous is a prerequisite to a judicial review of an assessment by certiorari, unless waived. It has been held that where the board of assessors does not object to but considers an unverified statement they will be deemed to have waived the defect. (*People ex rel. Grant Realty Corp.* v. *Clinton*, 138 Misc. 333.)

For the foregoing reasons, the motion to quash the writ is granted, with costs to the respondents. Ordered accordingly.