THE PEOPLE OF THE STATE OF NEW YORK ex rel. THE LEHIGH VALLEY RAIL WAY COMPANY and LEHIGH VALLEY RAILROAD COMPANY, Relators, *v.* FREDERICK CLOVER and Others, as Trustees of the Village of Victor, Ontario County, New York, Respondents.*

Supreme Court, Ontario County, May 3, 1940.

*William L. Hearne* and *Moser & Reif,* for the relators.

*Edward T. Malone,* for the respondents.

LAPHAM, J. This proceeding was instituted under the Tax Law to review the annual assessment roll of the village of Victor, N. Y., for the year 1940. Following the granting of the order and the issuing of the writ herein, the respondents, prior to the return date of the writ, procured an order to show cause, returnable before this court on the 26th day of February, 1940, why the petition upon which the application was made should not be dismissed, the order authorizing the writ vacated, and the writ of certiorari, issued in pursuance thereof, quashed. In support of this motion the respondents urged:

1. That the proceeding was commenced, the order granted, and the writ issued without notice to the respondents and " other persons required by law to be made parties thereto and who were not joined."

2. That the proceedings were fatally defective, null and void on account of a non-joinder of the mayor, in his capacity as a member of the board of trustees, claimed by the respondents to be a necessary party.

(1) Notice: By the enactment of chapter 269 of the Laws of 1880, the Legislature of this State made one of the most valuable

contributions in the history of the legislation of this Commonwealth. This enactment provided for a summary review and correction of illegal, erroneous and unequal assessments and, broadened by divers amendments, has become one of the great bulwarks against unbridled taxation. In the course of time, we find the essential features of this law incorporated into article 78 of the Civil Practice Act and article 13 of the Tax Law. In order to meet the ever-changing conditions, article 78 was repealed by chapter 526 of the Laws of 1937 and by this same act the present article, under the same numerical designation, superseded the old. Important changes were brought about by this new legislation. Among these we find the provisions of section 1283 abolishing orders and writs of certiorari in general but specifically preserving this traditional process to the Tax Law. It, therefore, becomes necessary to examine the Tax Law in conjunction with article 78, if we would determine how far resort should be had to the remedial provisions of the Civil Practice Act in the enforcement of this right of review.

The initial step in this proceeding is an application for an order authorizing the issuance of a writ, and the allowance of such a writ in accordance therewith. While section 291 of the Tax Law provides for the presentation of the petition to a justice, or at Special Term, it is silent as to whether such application is *ex parte* or upon notice. The practice for the *return* of the writ is outlined in the Tax Law, but the statute is silent on the procedure for the initial application. I am not unmindful of the well-recognized rule that " On subjects on which the Tax Law is silent the pertinent provisions of the Civil Practice Act are applicable " (*People ex rel. New York Central R. R. Co.* v. *Gilson*, 239 App. Div. 108; affd., 265 N. Y. 457; *People ex rel. American Sugar Refining Co.* v. *Sexton*, 274 id. 304, 307), but I believe that this rule, when considered in the light of the provisions of section 1289 of the Civil Practice Act, was not intended to govern the initial application for an order of certiorari in proceedings to review under the Tax Law. The Tax Law has established a system for the review of assessments which was intended to be complete and exclusive and to give to an aggrieved taxpayer a summary remedy. The application of the provisions of the Civil Practice Act to the notice required for the initial application for a writ of certiorari would defeat this intention. The courts from an early date have uniformly held that the method for reviewing assessments under the Tax Law was exclusive and that the granting of a writ of certiorari was a matter of right, not of discretion. In the words of Judge GRAY, writing for the Court of Appeals: " With the enactment of chapter 269 of the Laws of 1880, there was created a new and complete system for reviewing upon

certiorari, and for thereby correcting, the errors of assessing officers. (*People ex rel. Walkill Valley R. R. Co.* v. *Keator*, 101 N. Y. 610.) It rendered inapplicable the provisions of the Code of Civil Procedure, relating to the writ of certiorari (*People ex rel. Church of the Holy Communion* v. *Assessors*, 106 N. Y. 671; *Matter of Corwin*, 135 id. 245), and resumed within itself the remedies available to a taxpayer aggrieved by the action of the assessing officers. What was discretionary at common law, now became a right." (*Mercantile Nat. Bank* v. *Mayor*, 172 N. Y. 35, 42.)

The foregoing pronouncement was first made in *People ex rel. Church of the Holy Communion* v. *Assessors* (106 N. Y. 671); has been reiterated and quoted with approval time and again (*People ex rel. Friendly* v. *Davenport*, 119 App. Div. 790, 791); and, following a review of authorities, tersely summarized in *People ex rel. Chambers* v. *Logan* (154 Misc. 576, 579).

The questions that would normally be raised on an initial application may now be advanced on a motion to quash the writ. Both the statute and the adjudicated cases recognize the existence of such a remedy. (*Matter of City of Albany* v. *Assessors*, 253 App. Div. 436; Tax Law, §§ 293, 294.) It is clear in any event from a reading of the Tax Law that it was the intention of the Legislature to defer the consideration of these questions until the writ of certiorari had been granted. The objection that the petition for an order of certiorari was not filed within the statutory period would be a typical issue that could be raised on the initial application after notice had been given, but section 293 of the Tax Law provides that the writ of certiorari must be quashed " if it shall appear *upon the return* that the petition was not presented within the time limited therefor." (Italics mine.)

Again, the courts have held that the petition is a pleading and is analogous to a complaint. (*Matter of Corwin*, 135 N. Y. 245; *People ex rel. Denney* v. *Clark*, 257 App. Div. 905; *People ex rel. Powott Corp.* v. *Woodworth*, 172 Misc. 791, 804.) It is no more reasonable to contend that notice of the initial application is necessary than it is to assert that a summons and complaint should issue only upon notice.

Moreover, the fact should not be overlooked that the allowance of the writ *does not stay* the proceedings of the assessors or other persons to whom the assessment is delivered to be acted upon. (Tax Law, § 291.) A reading of the entire Tax Law clearly indicates, it seems to me, an intention upon the part of the Legislature to set up a complete system which " resumed within itself " (*Mercantile Nat. Bank* v. *Mayor, supra*) a simple, speedy and unique remedy for the aggrieved taxpayer.

That the courts have proceeded on this theory is obvious from the practice adopted in the following cases which reached the courts after the present amendments to article 78 of the Civil Practice Act and article 13 of the Tax Law became operative. (*Matter of City of Albany* v. *Assessors, supra; People ex rel. City of Watertown* v. *Gilmore*, 166 Misc. 323; *People ex rel. Powott Corp.* v. *Woodworth, supra.*) In this connection it is interesting to note, in passing, that in the instant proceeding the court apparently adopted the practice of dispensing with notice. Nevertheless, I am led irresistibly to the conclusion that the notice required by section 1289 of the Civil Practice Act has no relation to the initial application for the writ in this proceeding.

(2) Non-joinder of parties respondent: Neither of the parties has furnished the court with a complete picture of the proceedings out of which this application arose. From the affidavits submitted by the respondents it appears that the board of trustees of the village of Victor consisted of the four named respondents and James F. Burns, mayor. (Village Law, § 87.) It further appears that the respondents above named were the assessors of the said village. No question is raised as to the legality of the assessment roll but it is the claim of the movants that on December 4, 1939, at a regular meeting of the board of trustees of the village, at which all of the members were present (including the mayor), the protest theretofore filed by the relators, and the matters in relation to the reduction of the assessment, were discussed and a decision reached.

Section 48 of the Village Law provides the machinery by which the village assessors are appointed. The board of trustees at its annual meeting may appoint an assessor, or may by resolution appoint three assessors, or, Victor being a village of the fourth class, the board was authorized to determine by resolution either that it would act as the board of assessors or it might appoint assessors from its membership. As to what official action was taken in the instant case the record is silent. It is admitted, however, that the four respondents constituted the board of assessors.

Movants' contention that upon these facts Mayor Burns was a necessary party to this proceeding finds ample support in an opinion rendered by Judge SEARS while Presiding Justice of the Fourth Department. Writing for a unanimous court, he said: " Further, the assessment as provided in sections 105 and 106 of the Village Law is made by the trustees (or a committee of the trustees) and the assessors. The trustees (or the committee) together with the assessors meet and hear objections to the preliminary roll made by the assessors alone (Village Law, § 105), but the

trustees (or the committee) and the assessors complete the roll and are required to sign and verify the roll and file it with the village clerk (Village Law, §§ 105 and 106). This is the making of the roll which is sought to be reviewed in this proceeding (Village Law, § 109). The trustees (for in the instant case the entire board of trustees acted and not a committee) as well as the assessors are thus necessary parties to this proceeding. (*People ex rel. Union Bag & Paper Corp.* v. *Gilbert,* 143 Misc. 287.) It is too late to add the trustees who are not named in this proceeding as parties as the fifteen days after the filing of the roll and the giving of the statutory notices have long since expired." (*People ex rel. New York Central R. R. Co.* v. *Gilson, supra.*)

This court is clothed with ample authority to permit an amendment bringing in the mayor as a party. (*People ex rel. New York Central R. R. Co.* v. *Block,* 178 App. Div. 251, 253; *People ex rel. Chambers* v. *Logan, supra,* p. 581; *People ex rel. Di Leo* v. *Edwards,* 247 App. Div. 331; *People ex rel. Staten Island R. T. R. Co.* v. *Taylor,* Id. 405, 409; *People ex rel. Durham Realty Corp.* v. *Cantor,* 234 N. Y. 507 [reversing on dissenting opinion]; *People ex rel. N. Y. City Omnibus Corp.* v. *Miller,* 282 id. 5; *People ex rel. Denney* v. *Clark, supra;* Civ. Prac. Act, §§ 105, 109, 111 and 192.) However, such action would avail the relators nothing. In an affidavit attached to the moving papers, verified by the mayor, the village clerk and the four respondents, it appears that, although only the assessors as such were present on grievance day, nevertheless at the adjourned meeting, consented to by the representative of the relators, the entire body, including the mayor, were present and participated in fixing the tax of the relators at $67,070 without allowing any reduction. Referring to the excerpt from the *Gilson* case heretofore cited, it is clear that, upwards of fifteen days having expired since the filing of the roll and the giving of the statutory notice, it is now too late to add the name of the mayor as a respondent in this proceeding. (*People ex rel. American Sugar Refining Co.* v. *Sexton, supra,* p. 308; *Sapone* v. *New York Central & H. R. R. R. Co.,* 130 Misc. 755, 758.)

The motion is granted, with costs.

Let order enter accordingly.