THE PEOPLE OF THE STATE OF NEW YORK ex rel. PHYLLIS M. HELLER, Relator, against SAUL I. HELLER et al., Defendants.

Supreme Court, Special Term, New York County, November 9, 1944.

*Irving Greenberg* and *James D. C. Murray* for relator.

*Jay Leo Rothschild* for defendants.

EDER, J. Pending habeas corpus proceeding. Motion by the relator for examination of the defendants before " trial " pursuant to article 29 of the Civil Practice Act (§ 288 *et seq.*). The question presented for decision by this application is whether such a procedure is authorized by said article 29. Section 288 is inapplicable as it relates to testimony by deposition during the pendency of an action. If such an examination is permissible at all, section 308 of the act is the only applicable provision; it is entitled " *Depositions in special proceedings,*" and reads as follows: " Testimony may be taken by deposition, under this article, in a special proceeding, or for use in such a proceeding about to be brought, as though the proceeding were an action."

That such an examination may be had in a habeas corpus proceeding under article 29 or any other provision of the Civil Practice Act is said to present a debatable question. While it is true

that section 308 permits an examination before trial in a special proceeding it is my opinion that the special proceeding therein mentioned does not include one which is a summary remedy but contemplates and intends such a special proceeding which, except for the manner of its commencement, and form of pleadings, partakes, in all its other aspects, of a formal action and trial. (*Matter of Levine* v. *Lending,* 176 Misc. 462.)

A habeas corpus proceeding is not an action but is a special civil proceeding (*Matter of Barnett,* 11 Hun 468; *People* v. *Dewey,* 23 Misc. 267) and as it is unlike the ordinary special proceeding it is a special summary proceeding. (*People ex rel. Hauptmann* v. *Hanley,* 153 Misc. 61, affd. 242 App. Div. 257; *People ex rel. Klee* v. *Klee,* 202 App. Div. 592.)

Except for the distinction to which I have made reference, a special proceeding may be likened to an action for the relief sought therein and in some jurisdictions is attained by formal suit rather than by a special proceeding. Nomenclature is not a decisive or even adequate criterion, and where, as in this State, the distinction between action and special proceeding is still considered, the reality of the situation is recognized and prevails over form and so the Legislature has made the same remedy of examination before trial as much available to the suitor in the one instance as in the other. (Civ. Prac. Act, §§ 288, 308.)

In a habeas corpus proceeding the hearing and disposition are summary and intended to be so; the history and very nature of the remedy require it; in a habeas corpus proceeding a formal regular trial is not contemplated; indeed, the command of the statute is that there be prompt hearing and determination; thus the writ may be made returnable forthwith (Civ. Prac. Act, § 1239); it must be heard immediately (§ 1251); the judge or court must proceed in a summary way to hear the evidence and thereupon dispose of the matter (§ 1259). In *People ex rel. Woodbury* v. *Hendrick* (215 N. Y. 339, 344) the court points out the distinguishing characteristics of a habeas corpus proceeding from the ordinary case: '' The command of the statute is for a ' summary ' way of procedure. That means that it shall be prompt and without unreasonable and unnecessary delay. Having in mind ordinary legal procedure it doubtless means that there shall be no long adjournments, that such a proceeding shall not be placed on a calendar where it would not be reached in some time, that it shall have precedence over other matters.''

In *Dubowsky* v. *Goldsmith* (202 App. Div. 818) it was held that an examination of parties before trial is not permissible in a summary proceeding to recover possession of real property.

The court said: " The purpose of the enactment of the law permitting summary application to the court to recover possession of real property was to obtain speed, promptness and certainty of decisions in cases of this kind. If such had not been the purpose of the law, the action of ejectment would have been sufficient. It has never been understood that in summary proceedings motions for examination of parties before trial were permissible. Such motions, having the necessary effect of delaying the proceedings, are hostile to the very character and object of the remedy provided by the legislature. We think, therefore, that such examinations are contrary to the spirit and intent of the legislature in providing a summary remedy."

In a habeas corpus proceeding there is a *summary* " hearing "; there is no " trial " in the same sense as there is one in an action or in the ordinary special proceeding. In principle, I perceive of no distinction between the proceeding at bar and the one to recover the possession of real property; in either instance the proceeding is a summary one; in either case an examination before trial, if permitted, has "the necessary effect of delaying the proceedings "; the summary nature of the proceeding is destroyed, as well as its character as a summary remedy; both are then reduced to ordinary status in litigation, " contrary to the spirit and intent of the legislature in providing a summary remedy ". It seems clear to me that the provisions of the Civil Practice Act do not embrace and were not intended to apply to a habeas corpus proceeding or to any other summary proceeding.

That the intent was not to apply the provisions of the Civil Practice Act, otherwise applicable to an action and ordinary special proceeding, to the case of a habeas corpus proceeding, is also indicated by the exceptions which appear in article 77 of the Civil Practice Act, relating to habeas corpus proceedings, sections 1268 and 1282 thereof. Section 1268 renders inapplicable the provisions of the act relating to motions or intermediate orders in an action or special proceeding where the proceeding is repugnant to the object of the writ or the mode of procedure thereunder, and certainly the delay occasioned by an examination before trial in a habeas corpus proceeding, where speed and promptness of hearing and decision are fundamental and basic concepts, would, in the very nature of things defeat the very *objects* and protection which are guaranteed under the writ of habeas corpus, and such an examination is clearly repugnant to the object of the writ or the mode of procedure thereunder.

Section 1282 explicitly declares that except as otherwise expressly provided by statute the provisions of article 77 of the act apply to and regulate the proceedings upon every common law or statutory writ of habeas corpus as far as they are applicable and that all steps taken must be in conformity to said article in any case therein provided for.

For the foregoing reasons the motion of the relator to examine the defendants before trial of this habeas corpus proceeding, is denied. Settle order.