Regis O’Brien, J.
Motion to vacate a notice of examination served by the above-named respondents, who claim that such notice is authorized by sections 288, 290 and 301 of the Civil Practice Act and rule 121 of the Rules of Civil Practice. They seek to examine the petitioner, through its employees, R. E. Greenlee and Albert H. Gourly, “ as an adverse party before trial”, in respect to (a) consideration and terms of the sale by General Foods, Inc. to Hunt Foods, Inc. of the premises involved in this proceeding*; (b) any and all agreements with General Foods, Inc., pertaining to said sale; (c) any and all agreements with General Foods, Inc., pertaining to the manufacture of any products for it by Hunt Foods, Inc.; and (d) any and all agreements with the New York Central Railroad Company concerning the cost of material and labor put into the sidings and sidetracks, on the premises involved, whether built for the petitioner, or its predecessors in title.
The notice also directs the petitioner to produce upon the proposed examination, all maps and blueprints of petitioner’s property; all agreements with General Foods, Inc.; all agreements with the New York Central Railroad Company; all records, books, papers, documents, letters, correspondence, files and other papers relating to the controversy in ‘ ‘ this proceeding ’ ’ as well as to the dealings and transactions of the petitioner with General Foods, Inc., and the New York Central Railroad Company.
The proceeding to which said notice refers, is the pending review of the 1955 tax assessment, made by the respondents upon the petitioner’s property in the town of Albion.
Neither the brief of the respondents nor that of the petitioner cites any decision granting or denying an examination before trial in a proceeding of this type. Nor has the court been able to find one. It has been held, however, that where the Tax Law is silent as to a method of procedure, resort may be had to appropriate provisions of the Civil Practice Act. *767 Thus, in a certiorari proceeding (People ex rel. New York Central R. R. Co. v. Gilson, 239 App. Div. 108, affd. 265 N. Y. 457) where it was held that the service of the writ of certiorari was not made properly, the court stated: “ The Tax Law, to be sure, contains no provision as to the method of service. On subjects upon which the Tax Law is silent the pertinent provisions of the Civil Practice Act are applicable ”.
Other similar decisions could be cited, and in view of those decisions, it was proper for the respondents to utilize the provisions of the Civil Practice Act and of the Rules of Civil Practice, as the bases for serving the notice for the examination requested herein. However, it does not follow necessarily, that such examination must be permitted.
Section 288 of the Civil Practice Act authorizes a party to an action to take “ by deposition, before trial, his own testimony or that of any other party which is material and necessary in the prosecution or defense of the action ”.
Section 289 of the Civil Practice Act provides that where a party is a corporation “ the testimony of one or more of its officers, directors, agents or employees, which is material and necessary, may be so taken ’ ’.
Rule 121-a of the Rules of Civil Practice regulates the method of procedure pertaining to an application to take a deposition before trial under said sections 288 and 290 of the Civil Practice Act.
The test as to the right to the examination seems to rest on whether or not the testimony sought is “material and necessary ’ ’.
While it is my opinion that, under the decisions applicable to the review of an assessment, the information sought could properly be classified as “ material ” to the issues, it is not my conclusion that it is “ necessary ” for the respondents to have it before trial.
The proceeding will be held either before a referee or the court without a jury.
The tendency is to send a case of this kind to a referee, rather than for the court itself to hear the testimony (22 Carmody-Wait on New York Practice, p. 638), and on the trial, the petitioner has the burden of showing that the assessment attacked is not correct.
There is no duty upon the assessors to show its correctness.
Under those circumstances, it will be necessary for the petitioner to produce at the trial most, if not all, of the data and information which the respondents seek to obtain by an examination 'before trial.
*768 There is no necessity for requiring the presentation of the petitioner’s evidence twice, once before trial and then again at the proceeding before the court or referee without a jury.
The respondents will have such time and opportunity as conditions may require as the trial progresses to obtain any information that they think they need to counter the petitioner’s contentions.
In view of the foregoing, I have concluded to grant the petitioner’s motion to vacate the notice of examination. (See 22 Carmody-Wait on New York Practice, pp. 571-670.)
Submit order.