(November, 13, 1957)

■ In the Matter of HUNT FOODS, INC., Respondent, against LESLIE BASIN-AIT et al., as Assessors of the Town of Albion, County of Orleans, Appellants.

APPEAL from an order of the Supreme Court at Special Term, entered March 21, 1957, in Orleans County, which granted a motion by respondent for an order vacating a notice given by appellants demanding an examination before trial of respondent.

MEMORANDUM BY THE COURT. The taxing authorities of the Town of Albion, Orleans County, New York, seek to examine the respondent, Hunt Foods, Inc., and two of its named employees pursuant to section 288 *et seq.* of the Civil Practice Act in respect to the purchase by it of the property involved in the instant tax proceeding from General Foods, Inc., all agreements with General Foods, Inc., pertaining to said sale, any and all agreements with General Foods, Inc., relating to the manufacture of any product for it by Hunt Foods, Inc., and all agreements with the New York Central Railroad Company bearing on the cost of materials and labor used in connection with the institution of any side tracks servicing the industry and requiring the production of all relevant papers and records relating to the subject matter upon which examination is sought. Relator resists the examination and moves to vacate the notice of examination. The Special Term, while recognizing the materiality of the information sought, vacated the notice of examination upon the ground that it was not necessary prior to trial. The record discloses that the property in question, together with other real estate located in Fairmount, Indiana, was acquired from General Foods, Inc., for $500,000 as part of a transaction whereby Hunt Foods, Inc., also acquired Snider trade-mark and trade name for $725,000. We feel that under the peculiar circumstances disclosed concerning the acquisition of the property in question, the appellant tax authorities have shown "special circumstances" justifying the right to examine before trial. For the reasons indicated we reject respondent's contention that the provisions of section 27 of the Tax Law, and article 13 are exclusive and that the examination sought is not authorized. The order should be reversed and the examination directed to proceed before a referee named in the notice of examination at a time and place to be agreed upon by the parties.

KIMBALL and GOLDMAN, JJ. (dissenting). We think that the Special Term was right in vacating the notice of examination before trial. The order was granted, as stated by the court, on the ground that the information was not "necessary". It is our opinion that such examination is not authorized at all in a proceeding under article 13 of the Tax Law. The proceeding to review an assessment under the Tax Law is now, and always was, a special proceeding of a statutory nature. It was separate and distinct from the former common law certiorari and, at present, is not a part of or governed by the provisions of article 78 of the Civil Practice Act. Article 13 of the Tax Law provides for a complete method for the review of assessments. It is exclusive and was referred to as "a special proceeding *sui generis*" in the Fourteenth Annual Report of the New York Judicial Council [1948] relating to proposed reform of the certiorari procedure (p. 190). As the council stated, the "simple procedure" was to be "partially derived from and patterned upon the procedure set forth in Article 78 of the Civil Practice Act". So, as we see it, the review of tax assessments is governed by the provisions of article 13 of the Tax Law. As section 290 states, the relief shall be obtained "as provided by this article, unless otherwise specially prescribed by law." The proceeding is more than the conventional review under article 78 of the Civil Practice Act. It is a *de novo* hearing. (*People ex rel. MacCracken* v. *Miller*, 291 N. Y. 55; *People*

*ex rel. Four Park Ave. Corp.* v. *Lilly,* 265 App. Div. 68.) The procedure of the proceedings upon the pleadings is explicitly laid down in section 293 of the Tax Law. It does not seem reasonable to hold that other procedure, such as examination before trial, was contemplated by the Legislature. We do not think the courts should engraft upon the procedure provided, something which may apply to an article 78 proceeding. This is especially so when we keep in mind the purpose of the reform, i.e., simplification, prompt action, less expense of time and money. Moreover, there is no good reason for such examination. If such examination is allowed, the owner taxpayer may be called to testify three times, viz., (1) under section 27 of the Tax Law; (2) under section 288 of the Civil Practice Act, and (3) upon the hearing. (Tax Law, § 293.)

It is our opinion that it was not intended that section 288 of the Civil Practice Act should be available in a proceeding under article 13 of the Tax Law. Section 1306 of the Civil Practice Act has no application to article 13, but only to proceedings pursuant to article 78 of the Civil Practice Act. The remedy and the procedure to review assessments under article 13 is exclusive and complete. Had the Legislature intended that examination of the taxpayer should be permitted, it would have specifically so provided. The whole purpose of enacting article 13 was to provide a simple, inexpensive and summary method for a taxpayer to obtain relief. The courts should not strive to make the way of the taxpayer more burdensome than did the Legislature. It has been held that examination before trial may not be had in habeas corpus, a special proceeding (*People ex rel. Heller* v. *Heller,* 183 Misc. 630, affd. 268 App. Div. 976) nor in a summary proceeding to recover possession of land. (*Dubowsky* v. *Goldsmith,* 202 App. Div. 818.) The area within which the provisions of the Civil Practice Act are applicable to a tax certiorari proceeding is very limited. This subject was ably presented in *People ex rel. Lehigh Valley Rail Way Co.* v. *Clover* (174 Misc. 44) and in *People ex rel. Chambers* v. *Logan* (154 Misc. 576) in which cases authorities were carefully considered and cited.

The order should be affirmed.

All concur, except Kimball and Goldman, JJ., who dissent and vote for affirmance in a separate memorandum. Present — Vaughan, J. P., Kimball, Williams, Bastow and Goldman, JJ.

Order reversed on the law and facts, without costs of this appeal to any party, and motion denied, without costs. [5 Misc 2d 765.]