Herbert D. Hamm, J.
The petitioners move for a review of an assessment and the respondent moves to dismiss the petition for nonjoinder. The Village of Ellenville has only one Assessor and the named Assessor is the only person designated as respondent.
The petitioners contend that the Mayor and Trustees are not necessary parties. The preliminary roll is made by the Assessor alone (Village Law, § 100). But the Trustees (or the committee) and the Assessors “hear and determine [emphasis supplied] complaints of any person in relation to such assessment roll” (Village Law, § 101). The Trustees (or the committee) and the Assessors complete the roll (Village Law, § 101). On completion they are required to sign and verify the roll and file it with the Village Clerk (Village Law, § 102) and hence the Trustees and the Mayor in his capacity as Trustee (for in the instant case the entire Board of Trustees acted and not a committee) are necessary parties (People ex rel. Lehigh Val. Ry. Co. v. Clover, 174 Misc. 44, 47-48).
Rule 102 of the Rules of Civil Practice expressly requires that an objection to nonjoinder “ be raised by a motion to add * * * parties.” (Carruthers v. Waite Min. Co., 306 N. Y. 136, 141-142; Marsico v. Tramutolo, 135 N. Y. S. 2d 258.) The general rule is that nonjoinder of an indispensable party is not a ground for dismissal of the complaint in the first instance Rules Civ. Prac., rule 102; Civ. Prac. Act, §§ 192,193, subd. 2). “ The party complaining of the nonjoinder must initially move for the addition of such parties and only if an order directing joinder of the missing party is made and such party is not joined within the time therein specified, may a motion to dismiss the complaint be made.” (Marsico v. Tramutolo, 135 N. Y. S. 2d 258, 259, supra.)
Here a motion to compel addition of necessary respondents would be a futility. Section 102 of the Village Law provides: *94 “ A proceeding to review an assessment appearing on such assessment roll shall be commenced within thirty days after the completion and filing of the assessment roll, in the manner provided by the tax law.” In People ex rel. New York Cent. R. R. Co. v. Gilson (239 App. Div. 108, affd. without opinion 265 N. Y. 457) the court, referring to the predecessor statute of present section 102 of the Village Law, stated: 11 It is too late to add the trustees who are not named in this proceeding as parties as the fifteen days after the filing of the roll and the giving of the statutory notices have long since expired.” Hence the respondent’s motion to dismiss the petition may be granted without requiring the respondent to proceed in the first instance pursuant to rule 102 of the Rules of Civil Practice. Such a motion to add parties ineluctably would have to be denied. This case, therefore, is an exception to the general rule; the law will not require the making of a motion which at best would be a mere useless gesture. Moreover, it may be noted that in People ex rel. New York Cent. R. R. Co. v. Gilson (239 App. Div. 108, 109, affd. 265 N. Y. 457, supra) wherein incurable nonjoinder was given as the second of two reasons for dismissing the complaint, the court stated that such nonjoinder was available as ground for dismissal and so stated although no prior motion had been made to add the omitted indispensable parties.
The respondent’s motion to dismiss is granted. The respondent’s answer is disregarded as superfluous (Civ. Prac. Act, § 1293). The petitioners’ motion for a review of the assessment is denied.
Section 23 of the Civil Practice Act provides: ‘ ‘ If an action is commenced within the time limited therefor, and * * * the action is terminated in any other manner than by a voluntary discontinuance, a dismissal of the complaint for neglect to prosecute the action, or a final judgment upon the merits, the plaintiff * * * may commence a new action for the same cause after the expiration of the time so limited and within one year after such a * * * termination.” The dismissal of the complaint is without prejudice to invoking the aid of said section 23 (People ex rel. Lehigh Val. Ry. Co. v. Clover, 174 Misc. 888; New York Cent. R. R. Co. v. Dudley, 112 N. Y. S. 2d 63).
The respondent calls attention to the circumstance that in People ex rel. New York Cent. R. R. Co. v. Gilson (239 App. Div. 108, affd. 265 N. Y. 457, supra) no reference was made to the relief provided by section 23 of the Civil Practice Act although the motion to dismiss was granted. However, there was in addition to the omission of indispensable parties not *95 admitting of correction because of the short Statute of Limitations the further ground for dismissal that service was defective. A complaint dismissed for defective service does not come within the provisions of section 23 of the Civil Practice Act. The action was not terminated because it was never commenced.
Submit order on notice and furnish affidavit of service of notice of settlement.
The motion papers will be forwarded with the signed order.