J. Robert Lynch, J.
Cale-Rome, Inc., here entitled the petitioner, has brought a proceeding to review its tax assessment in the City of Rome under article 7 of the Real Property Tax Law. The respondents now move to dismiss, alleging lack of jurisdiction in the court due to faulty service.
Such a review must be commenced within 30 days of the filing of the finally completed assessment roll (Real Property Tax Law, § 702). The filing date here was September 29, 1964. Service commencing the proceeding shall be made by delivering three copies of the petition and notice to the clerk of the assessing unit (Real Property Tax Law, § 708).
A provision of the Rome City Charter makes the City Clerk clerk of all the city boards unless one is otherwise provided. By this provision the City Clerk, Bernard T. Concannon, is Clerk of the Board of Assessors of the City of Rome.
On October 9, 1964, Anthony Grarrimone arrived in Rome to commence the review by serving three copies of the necessary papers on the Clerk of the Board of Assessors. He went to the City Hall and into an office marked “Board of Assessors”. There he found three people at work: Mrs. Margaret Mayo whose payroll title was Senior Clerk; Mrs. Florence Ruscito whose title was Clerk; and Norman L. Hughes whose title was Assessors’ Aide.
Grarrimone approached Hughes and asked him in substance who was the Assessors’ clerk. No one recalls the precise wording of the question, but everyone agrees that Hughes answered, “ We’re all clerks here ”. So Grarrimone served the papers on Hughes. The city argues that the papers should have been served on Concannon, as Clerk of the Board of Assessors. '
In thinking that it provides for service on the Clerk of the Board of Assessors, both sides have misconstrued section 708 of the Real Property Tax Law. That section provides for service on the clerk of the “ assessing unit ” and by definition applicable here the “ assessing unit ” is the city (Real Property Tax Law, § 102, subd. 1). Service under section 708 would therefore have to be made on the City Clerk.
This direction was more clearly expressed before the codification which resulted in the Real Property Tax Law. The prior law, former section 291 of the Tax Law, provided: “If the assessment to be reviewed was made by the assessing officers of a city * * * service of such petition * * * shall be made by delivering three copies thereof to the clerk of said *677 city ’ The change to the Beal Property Tax Law did not intend any substantive revisions (Beal Property Tax Law, § 1608).
Ño claim is advanced that any attempt was made to serve Concannon in his capacity as City Clerk. Therefore, if section 708 of the Beal Property Tax Law, is the sole method of commencing this review, we are without jurisdiction.
But are other methods permitted? May service be made on the Clerk of the Board of Assessors? And was effective service made on him under the facts here?
Alternative methods of service are effective (People ex rel. N. Y. Cent. R. R. Co., v. Gilson, 239 App. Div. 108; People ex rel. City of Watertown v. Gilmore, 166 Misc. 323; Matter of Bender v. Easson, 216 N. Y. S. 2d 393; Real Property Tax Law, § 1612). The cited cases ruled applicable those sections of the Civil Practice Act providing for service of petitions and writs in special proceedings. These provisions have now been gathered into CPLB 403 (subd. c) which succinctly says: “ A notice of petition shall be served in the same manner as a summons in an action ’ ’.
Subdivision 2 of section 704 of the Beal Property Tax Law, states that the review proceeding “ shall be maintained against the assessors either by naming them individually or by using the official name of the assessing unit ’ ’. This calls into play alternative sections under which summons might be served — CPLB 311, subd. 3 or 312.
To recapitulate the possibilities of service in our case: it could have been on the City Clerk (Beal Property Tax Law, § 708); upon the Mayor, Comptroller, Treasurer, Counsel, or Clerk of the city (CPLB 311, subd. 3); or upon the Chairman, Secretary or Clerk of the Board of Assessors (CPLB 312).
If in our case service was effected at all, it must have been under CPLB 312. The city emphasizes that service thereunder must be personal. The petitioner counters that there was proper service on a de facto Clerk of the Board of Assessors, if not on a de jure clerk; that there was compliance with all substantial requirements, if not the technical ones; that the city’s conduct gives rise to constructive fraud and equitable estoppel.
To make the court’s position clear, we would like to stress that if there were no facts in this case other than that the papers were simply handed to Hughes in the Assessors’ office, such would not be compliance. A clerk is not a clerk (Baker v. New York Cent. R. R., 258 App. Div. 854). But, on the other hand, it is not a sacrosanct principle that service be personal in the sense the city means. In Matter of Deering Realty Corp. v. Podeyn (18 A D 2d 821), a petition, unwritten and unserved, was stipulated into existence and jurisdiction. Conduct may *678 give rise to service not even personally attempted. (Avery v. O’Dwyer, 201 Misc. 989, mod. on other grounds, 280 App. Div. 766, affd. 305 N. Y. 658).
Here, we have a process server who wanted to serve the Clerk of the Board of Assessors of the City of Borne. Every action that he took was typical of what anyone else would have done. He went .to the City Hall; he found the office entitled “ Board of Assessors ”; he walked in and he asked who the Assessors’ clerk was. He is told that all three of the people present are clerks and he served one of them with the papers.
There were no directions to an office of the Clerk of the Board of Assessors nor was any office designated as such; there were no directions to the people working in the office of the Assessors to refuse service of process, nor did Hughes protest that he was the wrong person to be served. How could anyone, without knowing his personal identity, serve the Clerk of the Board of Assessors under this system! It appears to have been a trap purposefully set for the unwary. Substance is given to this charge by the oral admission of the city on the argument that it waited to make this motion until after the expiration of the 30 days within which the papers could have been reserved.
We believe, within the rationale of Avery v. O’Dwyer (supra) that service was made on the Clerk of the Board of Assessors at the place and in the manner which the conduct of his. office prescribed. Our decision bears in mind that in a sense the clerk of the board is an agent of convenience (People ex rel. City of Watertown v. Gilmore, 166 Misc. 323, supra); that the people for whom the papers were ultimately intended, that is, the Assessors and .the Corporation Counsel, received them well within the time limited by the law. In this respect, there was substantial compliance (Missano v. Mayor, 160 N. Y. 123; see, also, Teresta v. City of New York, 304 N. Y. 440). The respondents’ motion to dismiss is denied.