Leoítaed J. Supple, J.
The respondent has moved to dismiss the petition herein and this proceeding upon the ground that the failure to make service in accordance with subdivision 1 of section 708 of the Beal Property Tax Law was jurisdictionally defective.
It seems that the proceeding was instituted by the service of one copy of the notice and petition upon the chairman of the three-man Board of Assessors of the respondent town. The applicable statute (Beal Property Tax Law, § 708, subd. 1) says that this service should have been made by delivering three copies of the petition and notice to the clerk of the assessing unit. Subdivision 1 of section 102 of the Beal Property Tax Law establishes that in this case the Town Clerk was the proper person upon whom the service should have been made. No such service on the Town Clerk was made.
The petitioner asks the court to emphasize substance over form as the court did in Matter of Cale-Rome v. Board of Assessors of City of Rome (44 Misc 2d 675). The difficulty is that the facts in the instant matter are almost identical with the facts in Matter of Shanty Hollow Corp. v. Poladian (23 A D 2d 132, affd. 17 N Y 2d 536). The court believes it is bound by the rule of the last-cited case.
In Matter of Shanty Hollow Corp. v. Poladian (supra) the appropriate number of copies of the notice and petition were served upon a personal employee of the Chairman of the Board of Assessors who, on the same day, delivered the papers to the chairman whereas, here, the chairman of the board was served directly. While this Department has said that the process server must deliver the process to the proper officer of a corporation and that delivery to an employee who, in turn, delivers the papers to such proper officer is not effective service (Ziembicki v. Mott Improvement Corp., 18 A D 2d 926), it appears to this court that this cannot justify a result here different than that reached in Matter of Shanty Hollow Corp. v. Poladian (supra). The assertion that the chairman of the respondent board when served advised the process server that he would accept service cannot affect the disposition here (Piedmont v. Society of N. Y. Hosp., 25 Misc 2d 41).
The motion will be granted.
Submit order on notice.