William J. Crangle, J.
This motion is for dismissal of a petition to review the 1969 tax assessment upon property in-the City of Johnstown upon the ground that the petition was not served upon the officer required by section 708 of the Real Property Tax Law. This section provides as follows: “ 1. If the assessment to be reviewed was made by the assessors of an assessing unit, service shall be made by delivering three copies of the petition and notice to the clerk of such assessing unit, or, if there be no such clerk, then to the officer who performs the customary duties of that official ”.
¡Service was made upon 'Carl Pollack, the city’s only Assessor. In addition there are three members of a Board of Assessment Review. There is no clerk of the assessing unit. The City Clerk performs the customary duties of the assessing unit and is the proper officer to be served. A decision to this effect in a proceeding between the same parties was made with reference to the 1968 assessment of this property at Special Term, September 12, 1968. In that decision Justice Main cited Matter of Shanty Hollow Corp. v. Poladian (23 A D 2d 132, affd. 17 N Y 2d 536; Matter of Watson Blvd. Apts. v. Huffcut, 23 A D 2d 508; Matter of Brack Constr. Corp. v. Board of Assessors of Town of Wappinger, 51 Misc 2d 747).
Petitioner concedes these facts but takes the position that its attorney was misled by the Assessor’s office through statements made to the effect that Carl Pollack was the proper person to be *1001 served and by a conversation which petitioner’s attorney had with the 'City Attorney who indicated he did not want to give advice on the matter, by saying he “ wouldn’t know”. Petitioner points out that since 1968 there could have been a change of procedure in the Assessor’s office with reference to the performance of the customary duties of the clerk and that a citizen should be entitled to rely upon what he is told by the personnel in that office including one of the Assessors.
The courts have consistently held that the clerk or the officer who performs the customary duties of that official must be served. The statute is mandatory and the necessity therefor is manifest. The confusion in municipal affairs and the potential for serious oversight would be too great were it possible to make good service upon an assortment of officials. There is no showing upon this motion that there has in fact been a change in the procedures of the Johnstown Assessor’s office. Assuming that misleading statements of personnel in that office to a citizen’s representative were made, that would not change the basic fact that the duties of the clerk of the board are performed by the City iClerk and amongst these duties is the receipt of service of petition and notice under the Real Property Tax Law. No one else, however motivated, can assume this duty or estop the respondent from raising the statutory defect in service.
Motion granted without costs.