The People ex rel. Charles G. Burnham, Respondent, *v.* Edward F. Jones et al., Commissioners, etc., Appellants.

Where a decision of the commissioners of the land office, granting to an applicant title to land under navigable waters, has been reversed on *certiorari*, it is their duty, representing both public and private interests, to defend their decision. They are, in a legal sense, aggrieved by the reversal, and so may appeal to this court

*People ex rel. Breslin* v. *Lawrence* (107 N. Y. 607) distinguished.

The applicant for the grant, however, where he has not been made a party to the proceeding, as authorized by the Code of Civil Procedure (§ 2137), may not appeal; his rights are protected by the appeal of the commissioners.

(Argued October 2, 1888; decided October 9, 1888.)

Motion to dismiss appeals by the commissioners of the land office and by the Bartholomay Brewing Company from an order of the General Term of the Supreme Court in the third judicial department, made July 2, 1888, which reversed a decision of said commissioners granting the application of said company for title to certain lands under navigable waters.

The facts, so far as material, are stated in the opinion.

*Wm. B. Hornblower* for motion. The defendants are not parties "aggrieved" within the meaning of the Code of Civil Procedure, and the decision appealed from affected no substantial right of theirs or of any person of whom they were the legal representatives or agents. (*People ex rel. Breslin* v. *Lawrence*, 107 N. Y. 607.) No one can appeal from an order or decree who is not injured thereby. (*Hackley* v. *Hope*, 2 Abb. Ct. of App. Dec. 298.) Before a person can be said to be aggrieved within the meaning of that section by an adjudication, it must have binding force against his rights, his person or his property. (*Ross* v. *Wigg*, 100 N. Y. 246.)

*Morgan & French* for motion. The appeal should be dismissed, the appellants not being parties aggrieved within the meaning of the Code of Civil Procedure. (*People ex rel. Breslin* v. *Lawrence*, 107 N. Y. 607.)

*Charles F. Tabor,* attorney-general, opposed. Under the
Code of Civil Procedure (§ 1294) any party aggrieved may
appeal; and any person aggrieved, who is not a party, but is
entitled by law to be substituted, may appeal. (§ 1296;
*Hobart* v. *Hobart,* 86 N. Y. 636; *Lewis* v. *Jones,* 50 Barb.
645.) Whenever the jurisdiction or authority to act of a
board of officers created by law has been attacked by a *certio-
rari* or *mandamus,* such board may appear in court by attor-
ney and defend their action and sustain their authority to
act in the matter in question. The right to appeal from an
unjust judgment in such a proceeding, must also be given.
(*People ex rel. N. Y. O. & W. R. R. Co.* v. *Chapin,* 106
N. Y. 265; *People ex rel. Cayuga Indians* v. *Comrs. of
Land Office,* 99 id. 648; *Allen* v. *Comrs. of Land Office,* 38
id. 312; *People ex rel. Millard* v. *Chapin,* 104 id. 96; *People
ex rel. Mayor, etc.* v. *McCarthy,* 102 id. 630; *People ex rel.
Wright* v. *Chapin,* 104 id. 369.)

Earl, J. Under section 67 of article 4, chapter 9, part 1 of
the Revised Statutes, as amended by the Laws of 1850, chap-
ter 283, section 1, on or about the 30th day of September,
1887, the Bartholomay Brewing Company filed with the
defendants, as commissioners of the land office, its application
for title to certain lands under the waters of Lake Ontario, at
Charlotte, in the county of Monroe, which application was
opposed by the relator upon the ground that he was the owner
of a portion of the adjacent uplands. Upon the questions
thus raised both parties submitted to the commissioners of the
land office various deeds, searches of title, maps and affidavits,
and the commissioners, after hearing both parties, passed a
resolution that a patent issue to the Bartholomay Brewing
Company substantially as asked for. To review the action of
the commissioners a writ of *certiorari* was granted by the
Supreme Court, in compliance with which the commissioners
made their return in due time, and the matter came on for
hearing at the General Term of the Supreme Court which
reversed the resolution of the commissioners of the land office,

and denied the application of the brewing company as to the land in question, without costs for or against either party. A final order was entered upon the decision, from which the commissioners of the land office and the Bartholomay Brewing Company have separately appealed to this court.

The relator now makes this motion to dismiss both appeals. He claims that the commissioners of the land office are not aggrieved by the decision of the General Term, and that, therefore, they have no right to appeal therefrom. That decision interferes with them in the discharge of their duties. They having resolved that it was their duty under the statute to convey the land to the brewing company, determined to do so, and this decision arrests their action. The statute gave them power to grant so much of the lands under navigable waters as they should deem necessary to promote the commerce of the state, or for the beneficial enjoyment of the same by the adjacent upland owners. And this decision, if sustained, interferes with their exercise of this power. It is their duty, representing both public and private interests, to defend any determination which they have made and which they believe to be right. Having determined that the Bartholomay Brewing Company was the adjacent upland owner and thus entitled to the grant asked for, they should defend their decision and not permit the land to be conveyed to any other claimant. While, therefore, they did not have any property or pecuniary interest in the matter in controversy, they were, nevertheless, we think, in a legal sense aggrieved by the decision appealed from. That officers thus situated may be both appellants and respondents upon appeals to this court is shown by the uniform practice for many years. (*Allen* v. *Comrs. of Land Office*, 38 N. Y. 312; *People ex rel. Cayuga Indians* v. *Comrs. of Land Office*, 99 id. 648; *People ex rel. Mayor, etc.* v. *McCarthy*, 102 id. 630; *People ex rel. Millard* v. *Chapin*, 104 id. 96; *People ex rel. Wright* v. *Chapin*, Id. 369; *People ex rel. N. Y. O. & W. R. R. Co.* v. *Chapin*, 106 id. 265.)

The case of *People ex rel. Breslin* v. *Lawrence* (107

N. Y. 607) is not an authority for this motion.    There Judge Lawrence simply decided that the relator was not illegally detained in custody and he had no further duty to perform. He was no more bound to see that he was kept in custody than any other citizen.    He was not hindered by the order appealed from in the discharge of any duty or the exercise of any power conferred upon him by law.    Hence he had no more interest or right to appeal than any judge whose decision · has been interfered with or reversed.

The Bartholomay Brewing Company was not a party to the proceeding upon *certiorari* and was not made a party, as it could have been, under section 2137 of the Code.    There appears to be no reason for making it a party, as all its rights can be effectually protected by the appeal of the commissioners. That appeal brings before us for review every question which could be presented by the brewing company if a party.    Upon the argument of the appeal brought by the commissioners, the brewing company can, by permission of the court, be heard by counsel if desired.    But it has no standing here as an appellant.    Its appeal should, therefore, be dismissed, without costs ; and the motion to dismiss the appeal of the commissioners of the land office should be denied, without costs.

All concur.

Motion denied.