(29 Misc. Rep. 553.)

PEOPLE ex rel. SHERRILL et al. v. GUGGENHEIMER et al.

(Supreme Court, Special Term, New York County. November, 1899.)

1. MANDAMUS AGAINST CITY COUNCIL—RIGHT TO APPEAL.
   On an application for mandamus against a city council, the order was against the individuals composing the council, as well as against the council as a board, and it also awarded costs against them. *Held*, that they might appeal therefrom as individuals, as the order affected them personally.

2. SAME—EMPLOYMENT OF COUNSEL.
   Members of a city council are entitled to employ their own private counsel to defend them on their appeal from an order in mandamus against the council, affecting them personally as to costs, and need not depend on the city's corporation counsel, who declines to defend them, and by whom they should appear as a board, since Code Civ. Proc. § 1995, provides that a party to such a proceeding may appear by attorney, as in an action, and by section 55 a party to a civil action may prosecute or defend by attorney.

Application for mandamus by the people, on the relation of Henry W. Sherrill and others, against Randolph Guggenheimer and others, as the council of the city of New York. There was an order in favor of relators (59 N. Y. Supp. 913), and certain members of the council move to compel the attorney for relators to accept service of a notice of appeal served in their behalf. Granted.

J. Hampden Dougherty, for relators.
William J. Kelly, for certain councilmen.
John Whalen, Corp. Counsel (Charles Blandy, of counsel), for defendants.

TRUAX, J. This is a motion by four members of the city council to compel the attorney for the relators to accept service of a notice of appeal, served on behalf of said members, from an order made at special term, directing that a peremptory writ of mandamus issue to them and their colleagues, members of the council, compelling them to vote for an issue of bonds to acquire the plant of the Long Island Water-Supply Company, and awarding $50 costs against the four parties mentioned, personally. The four persons against whom the writ had issued, and against whom costs have been awarded, desiring

61 N.Y.S.—61

to appeal from the order awarding the peremptory writ of mandamus and costs, served a notice of appeal therefrom upon the attorney for the relators, who returned said notice upon the ground "that the said persons have no right to appear by private counsel, and that no one has authority to appear for the council of the city of New York except the corporation counsel." I am of the opinion that the motion to compel the attorney for the relators to receive the notice of appeal should be granted. It may be that the original application for a writ of mandamus was directed to the council as a board, and not to the individual members of the council, and that the board should appear by the corporation counsel; but the order that was made is against the individuals composing the council, as well as against the council as a board, and it awards $50 costs against the individuals who desire to appeal from the order. They have the legal right to appeal, because, as members of the board, they are, in a legal sense, aggrieved by the decision from which they seek to appeal (People v. Jones, 110 N. Y. 511, 18 N. E. 432), and also because costs have been awarded against them as individuals. The fact that the corporation counsel, as attorney for the board, does not desire to appeal from the order, is no reason why the individuals who are aggrieved by the order should not have the right of such an appeal. The order affects them personally, and they have the right to employ counsel to defend them, and are not bound to accept the services of a counsel who declines to defend them. Section 1995 of the Code of Civil Procedure provides that a party to a special proceeding instituted by state writ may appear by attorney with like effect as in an action brought in the supreme court, while section 55 of the Code provides that a party to a civil action, who is of full age, may prosecute or defend the same in person or by attorney. To make the defendants appear by an attorney who will not defend them is to make this section of the Code inoperative as against them. This proceeding affects the property of the defendants; it may affect their liberty; and the constitution of this state provides that no man shall be deprived of his liberty or property without due process of law. One of the things of which he shall not be deprived is the right to defend himself by counsel of his own choosing. The motion is granted, with $10 costs to abide event of the appeal.

Motion granted, with $10 costs to abide event.