Judgment reversed, new trial ordered, costs to appellant to abide event.

---

THE PEOPLE OF THE STATE OF NEW YORK ex rel. CHARLES L. COOKE, Appellant, *v.* PEREZ M. STEWART, Superintendent of Buildings for the Borough of Manhattan in the City of New York, Respondent.

*Mandamus to compel a superintendent of buildings to enforce the building law — the owners of buildings to be affected thereby are necessary parties — review by the courts of the superintendent's approval of materials used.*

A writ of mandamus to compel the superintendent of buildings of the borough of Manhattan to take such action as may be necessary to prevent an alleged violation of section 105 of the Building Code, in the construction of three new buildings, which have at the time been substantially completed or are in the process of construction, will not be issued where it appears that the action

which it is asked that the superintendent of buildings be compelled to take will involve the destruction of the buildings to a greater or less extent, and that the owners of the buildings have not been made parties to the proceedings.

*Quære*, whether, if it appears that the superintendent of buildings approved of the materials used in the construction of the buildings in question, his action in the premises can be reviewed by the court, and also whether, if his action is reviewable by the court, a citizen and resident of the borough in which the buildings are erected may institute the proceeding to review the superintendent's action.

Appeal by the relator, Charles L. Cooke, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 25th day of September, 1902, denying the relator's motion for an alternative writ of mandamus.

*Austin E. Pressinger*, for the appellant.

*Matthew C. Fleming*, for the respondent.

McLaughlin, J.:

The relator, a resident and citizen in the borough of Manhattan in the city of New York, applied to the court for an alternative writ of mandamus to compel the defendant, as the superintendent of buildings of such borough, to enforce the provisions of section 105 of the Building Code, and take such action as might be necessary to prevent the violation thereof in the construction of three buildings specified, which were the St. Regis Hotel, the Hanover National Bank building and the Lord's Court building, which were at the time the petition was made new buildings which had then been substantially completed, or were in the process of construction.

The section of the Building Code referred to provides that when the height of a fireproof building exceeds twelve stories, or more than 150 feet, the floor surfaces shall be of stone, cement, rock asphalt, tiling or similar incombustible material; that the sleepers and floors may be of wood treated by some process approved by the board of buildings (the powers and duties of the board of buildings have been conferred upon the superintendent of buildings by section 408 of the revised charter of the city of New York, Laws of 1901, chap. 466) so as to render the same fireproof; that all outside window frames shall be of metal or wood covered with metal; that

the inside window frames, doors, trim and other interior finish may be of wood, either covered with metal or else treated by some process which will render the same fireproof : and that all the partitions shall be of fireproof material.

The petition for the writ alleged, in substance, that prior to the commencement of the proceeding, the owners of the buildings referred to, who were not named or made parties to the proceeding, were respectively engaged in the erection of the buildings stated, each of which came within the provisions of the ordinance, in that they were more than 150 feet in height; that such owners had not complied with the requirements of section 105 of the Building Code, in that " wood has been and is being used in the construction of bucks, studding and partitions, which has not been treated by some process to render the same fireproof ;   *   *   *   (that) sleepers have been and are being used in the construction thereof which have not been treated by some process to render the same fireproof ;" and that the respondent had due notice of these facts, notwithstanding which he had neglected and failed to discharge his duty in the premises.

The return to the writ denied the material allegations of the petition and especially the allegations to the effect that the construction of the buildings failed to comply with the provisions of the Building Code, and set forth facts which, if true, constituted a perfect defense to the motion.

The motion was denied, and from that order the relator has appealed. The buildings referred to, as already stated, either were or had been substantially completed, and to have compelled the superintendent of buildings to do what the relator asked, would work a material injury to, if not a substantial destruction of, the buildings themselves. It would certainly destroy property to a greater or less extent, and property cannot be destroyed, so far as I am aware, under any recognized rule of law, unless its owner has first been heard upon that subject. Here, as already said, the owners of the buildings were not made parties to the proceedings. What their answer would be to the charge that they had violated the Building Code in using materials in the construction of their respective buildings, we are unable to say, and the court ought not to interfere with their property rights by ordering the superintendent

of buildings to remove any part of the materials used until the owners have first been heard. They are entitled to their day in court. (*People ex rel. Francis* v. *Common Council*, 78 N. Y. 33; *Matter of Hilton Bridge Construction Co.*, 13 App. Div. 24; *People ex rel. Ballou* v. *Wendell*, 57 Hun, 362.)

It has been suggested, and it seems to have been the view entertained by the justice sitting at Special Term, that the action of the superintendent of buildings cannot be reviewed by the court, inasmuch as it appears from the return that he approved of the materials used and that his act was a judicial one. I am unwilling to place my affirmance of this order upon that ground. The superintendent of buildings is a public officer, and if he refused to act at all, or acted in such a way that the court could see that there was no justification for his act, I think his action could be reviewed and that he could be compelled, in the one instance, to act, and in the other, to refrain from acting. It is, however, unnecessary for the court at this time to pass upon this question, inasmuch as its determination is not necessarily involved in the disposition to be made of the appeal. It is also suggested that the relator does not show that he has sufficient interest in the subject-matter of the proceeding to enable him to maintain it, but in view of the conclusion at which we have arrived, it is also unnecessary to pass upon this question. It is proper, however, to state that it does appear that the relator is a citizen and resident of the borough of Manhattan in the city of New York, where the violations of the ordinance are alleged to have, and now are, taking place, and this would seem to be sufficient to enable him to maintain a proceeding to compel a public official to perform his duty. (*People ex rel. Waller* v. *Supervisors of Sullivan Co.*, 56 N. Y. 249; *People ex rel. Kelly* v. *Common Council*, 77 id. 511; *People ex rel. Platt* v. *Rice*, 144 id. 249.)

Upon the ground, therefore, that the owners of the buildings were not made parties to the action, I am in favor of an affirmance of this order, without considering or passing upon the other questions raised.

The order appealed from, therefore, must be affirmed, with ten dollars costs and disbursements.

O'Brien, J., concurred; Laughlin, J., concurred in result.

Van Brunt, P. J. (concurring):

I concur in the result.   I am also of the opinion that the plaintiff in this case has no standing in court.   He is simply a resident and citizen of the borough of Manhattan in the city of New York and has no greater interest in the subject-matter of this application than any other citizen of said city.   It has been repeatedly held that departments cannot be set in motion upon the application of mere citizens who have no special interest in the subject-matter.

Patterson, J., concurred.

Order affirmed, with ten dollars costs and disbursements.