Bernard S. Meyer, J.
In this article 78 proceeding the owners of residential properties seek to have annulled a decision of the Board of Zoning Appeals which granted an application, made pursuant to article 12 (§ Z-5.0, subd. [c], par. [4]) of the Zoning Ordinance of the Town of Hempstead, for a special exception permitting the erection and operation of a storage warehouse on adjoining property zoned for business. Respondents move pursuant to section 1293 of the Civil Practice Act to dismiss the petition on the ground that the court lacks jurisdiction over the subject matter. The basis of the motion is that the applicant, to which the permit was granted, has not been joined as a party, that such applicant is an indispensable party, and that more than 30 days having elapsed since the filing of the board’s decision, petitioners are barred from joining applicant as a party, wherefore the court is without jurisdiction. The motion to dismiss is denied.
Carruthers v. Waite Min. Co. (306 N. Y. 136, 142) establishes that “ nonjoinder of an indispensable party is not a ground for dismissal of a complaint in the first instance. Rather, the party complaining of the nonjoinder must initially move for the addition of such party, ‘ even though the ultimate relief granted upon such motion may be dismissal of the complaint * * * without prejudice ’ (Twelfth Annual Report of N. Y. Judicial Council, 1946, pp. 189, 170-171; Wolff v. Brontown Realty Corp., 281 App. Div. 752).” Nor may an exception to the ‘‘ procedure clearly enunciated by the Legislature in sections 192 and 193 of the Civil Practice Act and as implemented by rule 102 of the Rules of Civil Practice ” be created simply because the missing party is a nonresident and has refused to appear voluntarily, for that would “ constitute judicial legislation ” (Carruthers v. *833 Waite Min. Co., supra, p. 142). Respondents, nonetheless, urge, on the authority of Matter of Suther green v. Westall (6 A D 2d 1014), that a motion to dismiss is the proper procedure when “ the defect could not he cured after the time limited for the institution of the proceeding.” Matter of Suther green arose under subdivision 2 of section 330 of the Election Law which requires that the proceeding “ be instituted within ten days of such primary election or convention ’ ’. While that language does not differ in substance from that of Town Law (§ 267, subd. 7) applicable to this proceeding, that: “ Such proceeding * * * must be instituted * * * within thirty days after the filing of a decision in the office of the town clerk ’ ’, and both proceedings are accorded preference over other civil actions and proceedings (Town Law, § 267, subd. 9; Election Law, § 335), the court is unwilling, in the light of the clear holding of the Carruthers case, and of the statement in Third Annual Report of the Judicial Council (1938, p. 187) on presentation of present article 78 of the Civil Practice Act, that: “It is deemed unnecessary, in view of C. P. A. section 192, to provide that the remedy in the event of a nonjoinder or misjoinder of parties is to move to require a correction of the defect, and not to move for a dismissal of the petition. See supra, p. 42 ”, to extend the rule of Matter of Suther green beyond election cases. (Cf. Matter of Baum v. Van Keuren, 19 Misc 2d 92.)
Not only have respondents mistaken their remedy, they also have based their motion on erroneous premises. The first of these is that the applicant is an indispensable party. Neither statutory provision nor binding decisional precedent sustains the contention that the successful applicant for a special exception must be joined in the proceeding brought to review the Board of Zoning Appeals’ decision, nor, it appears, do constitutional due process requirements mandate such joinder.
The statutes governing this proceeding are article 78 of the Civil Practice Act and section 267 of the Town Law. Readily distinguishable, therefore, are declaratory judgment cases, such as Saso v. State of New York (20 Misc 2d 826) and Breehner v. Incorporated Vil. of Lake Success (23 Misc 2d 159) in which the joinder of the owner of the affected property has been ordered. Section 267 of the Town Law makes no direct provision concerning parties respondent, nor is there any legislative history of that provision (or of the corresponding provisions of Village Law, § 179-b, and General City Law, § 82) that might help in deciding the question. With stated exceptions (Town Law, § 267, subd. 7), the proceeding is governed by article 78 *834 of the Civil Practice Act. The only mandate in that article concerning parties respondent is set forth in the last sentence of section 1290 of the Civil Practice Act which provides: “ Where the proceeding is brought to restrain a body or officer exercising judicial or quasi-judicial functions from, proceeding without or in excess of jurisdiction in favor of another party, the latter must be joined as a party respondent with the body or officer.” Thus, it is only in the prohibition type of proceeding that a respondent other than the body or officer whose determination is to be reviewed must be joined. When such a respondent is joined, he is “ deemed the sole respondent in the proceeding,” (Civ. Prac. Act, § 1291). The legislative history of present article 78 is helpful only in that it makes clear (Third Annual Report of Y. Y. Judicial Council, 1938, pp. 185-186) that the quoted provisions were drawn from former sections 1346 and 1348, which were part of former article 80 dealing exclusively with prohibition proceedings. The statutory direction being limited to prohibition proceedings, and the only other provision touching upon parties being section 1298, which ‘ ‘ does not relate to the person to whom the writ shall be directed * * * but allows the court, in its discretion, to admit a person as a party ” (People ex rel. New York Cent. R. R. Co. v. Block, 178 App. Div. 251, 253, appeal dismissed 221 Y. Y. 652) and which, as hereinafter demonstrated, gives Special Term discretion to require that notice be given to the successful applicant, it must be concluded that the draftsmen of the statute did not intend to require that a person in applicant’s position be a party to a proceeding such as this. The provision of section 1299 of the Civil Practice Act making a bond given to procure a stay effectual “ in favor of a person beneficially interested in upholding the determination to be reviewed ” only when such person “ is admitted as a party to the special proceeding-” as prescribed in section 1298, substantiates that conclusion.
But, argue respondents, decisional precedent requires a holding that the successful applicant for a special exception permit is an indispensable party. It is not without significance that though the zoning system has been in existence in this State for more than three decades, the question, although it had been touched upon in Matter of Kohnberg v. Murdock (10 Misc 2d 567, 569, affd. 6 A D 2d 876, affd. 6 Y Y 2d 937) and Matter of Cantelli v. Town Bd. of Town of Oyster Bay (N. Y. L. J., Dec. 19, 1960, p. 16, col. 1) had not been decided up to the time this motion was argued. Since that time, in a decision with which this court agrees, Mr. Justice Pittoni has held in Matter of Zimmerman v. Kramer (N. Y. L. J., July 21, 1961, p. 7, col. 3) *835 that such a successful applicant is not an indispensable party. In his opinion, Mr, Justice Pittoxi cites appellate decisions in which either the landowner was not joined at all, or was not originally named, but later intervened, to show that in zoning cases the successful applicant lias not been considered indispensable as a matter of New York decisional law.
Text authority and out-of-State zoning decisions can be found on both sides of the question. Taking the position that in a proceeding to review a decision of a zoning hoard granting a variance or special exception, the permittee is an indispensable party arc: Corpus Juris Secundum (101 C. J. S., Zoning, § 352, p. 1183); American Jurisprudence (58 Am. Jur., Zoning, § 253, p. 1073); McQuillin, Municipal Corporations (3d od., Vol. 8, pp. 784, 787, Zoning, § 25.318) and decisions of the courts of Connecticut (Shulman v. Zoning Bd. of Appeals of City of Hartford, 143 Conn. 182; Kuehne v. Town Council of Town of East Hartford, 136 Conn. 452; Devaney v. Board of Zoning Appeals of City of New Haven, 132 Conn. 218); Illinois (Winston v. Board of Appeals of Peoria County, 407 Ill. 588, 595 [but note that Illinois statute requires that1 ‘ all persons, other than the plaintiff, who Avere parties of record to the proceedings before the administrative agency shall be made defendants”]); Indiana (Noblitt v. Metropolitan Plan Comm., 172 N. E. 2d 580; Noblitt v. Metropolitan Plan Comm., 172 N. E. 2d 583; McArdle v. Board of Zoning Appeals, City of Fort Wayne, 167 N. E. 2d 608; Kupfer v. Board of Zoning Appeals of Indianapolis, 162 N. E. 2d 110 [but note that both Burns ’ Ind. Stat., § 53-784, and the superseding provision, § 53-975, relied on in Kupfer, provide that “ The adverse party or parties shall be any property-owner Avhom the record of the board of zoning appeals sIioavs to have appeared at the hearing' before the board in opposition to the petitioner ”]) and Missouri (Ex Parte Hernreich v. Quinn, 350 Mo. 770, 779 [based in part on the fact that the revicAving court Avas authorized by statute and ordinance to ‘ ‘ render a neAV judgment on the merits based on neAv testimony”]). To the contrary, hoAvever, are: Corpus Juris Secundum (14 C. J. S., certiorari, § 60, p. 205) (though recognizing, p. 206, that “ the rights of one not a party to the proceedings cannot be determined unless he is brought into court ”); Carmody-Wait, New York Practice (Vol. 22, p. 416); and a New Jersey Appellate Division decision (Second Ref. Church v. Board of Adjustment of Borough of Freehold, 30 N. J. Super. 338; but see Behlen & Bros. v. Mayor & Council of Town of Kearney, 31 N. J. Super 30, taking a contrary AdeAv in Avhat, apparently, Avas a declaratory judgment action). Since most of the decisions *836 in the first group can be distinguished, the court is not persuaded that it should adopt the point of view they express.
If we turn from zoning law to New York decisions concerning joinder of parties in related or analogous cases, we find that the owner of property on which there is a violation or encroachment is an indispensable party to a proceeding the purpose of which is to require the municipal body to enforce the law with respect to the violation or encroachment (Matter of Green v. Miller, 249 N. Y. 88, 91; Matter of Silberman v. De Hoyos, 11 A D 2d 853, 854; Matter of Morton v. Bales, 226 App. Div. 693; People ex rel. Walsh v. Kleinert, 200 App. Div. 836; People ex rel. Cooke v. Stewart, 77 App. Div. 181, 183); that a second wife is an indispensable party codefendant to an action by the first wife to annul the husband’s marriage to the second wife (Presbrey v. Presbrey, 6 A D 2d 477, affd. 8 N Y 2d 797; Lauricella v. Lauricella, 13 Misc 2d 799); that an infant whose support is provided for by a separation agreement is an indispensable party to an action to cancel the agreement (Ducas v. Ducas, 150 App. Div. 397; Schreck v. Schreck, 205 Misc. 703); that mandamus will not issue at the instance of an unsuccessful bidder if the successful bidder is not a party to the proceeding (Matter of Hilton Bridge Constr. Co. v. Aldridge, 13 App. Div. 24; see, also, Matter of Cestone Bros. v. Solowinski, 276 App. Div. 970); that the purchaser at a tax sale who has received a deed or certificate of sale is a necessary party to a proceeding to compel receipt of taxes and cancellation of the deed (People ex rel. Staples v. Sohmer, 206 N. Y. 39; People ex rel. Andrews v. McGuire, 126 N. Y. 419; Matter of Saxton v. Hose, 9 A D 2d 778, affd. 8 N Y 2d 335); but such a purchaser who has not received a deed is not a necessary party (People ex rel. Cooper v. Registrar of Arrears, 114 N. Y. 19, 22; see Matter of Saxton v. Hose, 8 N Y 2d 335, 338, supra); and that the successful applicant for a grant of lands under water need not be a party to a certiorari proceeding brought by the unsuccessful applicant (People ex rel. Burnham v. Jones, 110 N. Y. 509, 512). It will be observed that, with one exception, the foregoing cases fit the principle that one whose rights have ripened through a completed contract, an erected building, a consummated sale or the like, is an indispensable party, but one whose only rights arise from an unconsummated award or decision need not be a party to a proceeding brought to review the award or decision. The one exception, the requirement that the successful bidder for a government contract be joined, is readily distinguishable in view-of the.public interest that the municipality not be subjected to litigation because of the existence of two independent contracts for the *837 same work (Matter of Cestone Bros. v. Solowinski, supra) and of the discretionary nature of mandamus. The latter ground plus the fact that there is no other method of review of a zoning-board decision than a certiorari type article 78 proceeding also distinguishes cases such as Matter of Walsh v. La Guardia (269 N. Y. 437, 440) in which the court said, as one reason for denial of mandamus to compel the Mayor of Yew York to halt the operation of buses without a franchise: ‘ ‘ Such drastic proceedings cannot be had without hearing the parties affected, and the proceedings by way of injunction afford this opportunity.”
The rights of the successful applicant in the present matter are more closely analogous to those of the tax sale purchaser in People ex rel. Cooper v. Registrar of Arrears (supra) and to those of the successful applicant for lands under water in People ex rel. Burnham v. Jones (supra) than they are to any of the parties held indispensable in the other cases referred to. All that applicant has succeeded in obtaining is a favorable decision of the Board of Zoning Appeals, a decision which by virtue of section 267 of the Town Law, is subject to review at the instance of any person aggrieved. The permit, so far as appears from the papers herein has not been issued to applicant. Without deciding whether in order to vest rights sufficiently to constitute the successful applicant an indispensable party something more than, the issuance of a permit must have occurred (see Matter of Atlas v. Dick, 275 App. Div. 670, affd. 299 N. Y. 654; Matter of 440 E. 102nd St. Corp. v. Murdock, 285 N. Y. 298; City of Buffalo v. Chadeayne, 134 N. Y. 163; Lesron Jr. v. Feinberg, 13 A D 2d 90, 95; Matter of Wilmot Serv. Corp. v. Ferraro, 138 N. Y. S. 2d 73; City of Little Falls v. Fisk, 24 N. Y. S. 2d 460; 1 Rathkopf, Law of Zoning and Planning [3d ed.], ch. 57; 8 McQuillin, Municipal Corporations [3d ed.], p. 357 ff., Zoning; §§ 25.156-25.158) the court holds that where the permit has not- issued, such an applicant is not an indispensable party. The court recognizes that if the issuance of a permit is withheld by the municipality pending determination of the article 78 proceeding, the applicant is prevented from realizing the fruits of the board’s decision, notwithstanding that applicant is not a party to the proceeding and notwithstanding that a stay granted under section 1299 of the Civil Practice Act is not effective against a nonpartv (Matter of Selleck v. Waterbury, 257 App. Div. 1049; Matter of Cantelli v. Town Bd., supra). This results, however, from.the provisions of the ordinance prohibiting- building without a permit, not ■ from the article 78 proceeding itself. But it is also clear that the mere institution of the proceeding does not stay issuance of the permit and that *838 an applicant to whom a permit has been issued cannot be prevented from building except by a stay granted under section 1299. That petitioners might, therefore, have been well advised to join applicant as a party in order fully to protect their rights, does not, however, make an applicant to whom a permit has not been issued a person “ whose absence will prevent an effective determination of the controversy ” within the meaning of section 193 of the Civil Practice Act. Nor, for reasons developed in the due process discussion below, can such an applicant be considered a person “ whose interests would be inequitably affected by a judgment rendered between the parties before the court ”, the second category of indispensable parties defined by section 193 of the Civil Practice Act.
Respondents cite no authority in support of their suggestion that the due process clauses of the Federal and State Constitutions require that applicant be a party to this proceeding. They content themselves with the argument that applicant’s rights stem from its interest in the property rather than from respondents’ decision of the application, the decision being nothing more than a relaxation of a statutory prohibition against applicant’s absolute right to devote the property to any use it desires. Presumably, by that argument they seek to take the case out of the rule that licenses granted under the police power are not property in any constitutional sense and may be revoked without hearing by whatever method the statute establishing the licensing system provides (Metropolitan Bd. of Excise v. Barrie, 34 N. Y. 657, 667; People ex rel. Presmeyer v. Board of Comrs. of Police, 59 N. Y. 92).
It is not necessary, however, precisely to define the nature of applicant’s interest after the granting of its application by respondents. Procedurally due process requires only “ an orderly proceeding adapted to the nature of the case in which the citizen has an opportunity to be heard, and to defend, enforce, and protect his rights.” (Stuart v. Palmer, 74 N. Y. 183, 191; see Ives v. South Buffalo Ry Co., 201 N. Y. 271, 293; Mott, Due Process of Law, § 87, p. 208 ff; 16A C. J. S., Constitutional Law, § 569, subd. [4], p. 571.) The ultimate purpose of the provision “ is to insure an opportunity for a fair hearing to one whose legal position will be affected by the decision” (Rottschaefer, Constitutional Law, § 334, p. 825). No particular form of procedure is required; indeed, absent parties may be bound if “ the relationship between the parties present-and those who are absent is such as legally to entitle the former to stand in judgment for the latter ” (Hansherry v. Lee, 311 U. S. 32, 43; Rottschaefer, op. cit., supra, § 334, p. 837). Considered against the background *839 of these constitutional rules, respondents’ argument falls for a number of reasons.
First, notice of each separate stage of a proceeding is not required. Thus, a judgment debtor who had notice of the action in which the judgment was obtained is not denied due process by the issuance of execution on the judgment without notice to him (Endicott-Johnson Corp. v. Encyclopedia Press, 266 U. S. 285) and this principle, it has been suggested, makes notice of the proceeding before a Workmen’s Compensation Board in which an award was made adequate notice of subsequent judicial proceedings for the enforcement of the award (Rosandich v. Chicago, N. S. & M. R. R., 185 Wis. 184). By a parity of reasoning, applicant, having initiated the proceeding before the board with knowledge (so the law presumes) that “ any decision” of the board was subject to review by this court under subdivision 7 of section 267 of the Town Law, and notwithstanding the board’s favorable decision having received no permit, may be said to have adequate notice of the review proceeding (see Ottinger v. Arenal Realty Co., 257 N. Y. 371, 380).
Second, applicant is adequately represented in this proceeding by the board. Thus in People ex rel. Burnham v. Jones (supra, p. 512) the Court of Appeals held that there was no reason for making the successful applicant party to the proceeding upon certiorari 1 ‘ as all its rights can be effectually protected by the appeal of the commissioners.” (See, also, People ex rel. Bacon v. Northern Cent. Ry. Co., 164 N. Y. 289, 297 [lessee represented lessor].) It is that representation that takes applicant outside the second category of indispensable parties referred to above, for in view of such representation it cannot be said that applicant’s “interests would be inequitably affected by a judgment ”.
Third, the giving of notice and an opportunity to be heard necessitates making an interested person party to a proceeding only when no other procedure will adequately protect his rights. As will be hereafter demonstrated, section 1298 of the Civil Practice Act empowers this court at any stage of the proceeding to direct that notice be given to any person, and the same section extends to any person “ specially and beneficially interested in upholding or annulling the determination to be reviewed ” the opportunity to become a party to the proceeding and thus be heard. It is, therefore, within the power of the court, should it appear at any stage of the proceeding that the substantial interests of the board diverge from those of applicant which they are deemed to represent (see Hansberry v. Lee, supra, p. 45) to order that notice be given applicant and to suspend the *840 proceeding until such notice is given-, (Parenthetically, it should be noted that this fact differentiates the present case from the due process argument advanced by the Missouri court in Ex Parte Hernreich v. Quinn [350 Mo. 770, supra] for should it appear that new testimony is to be offered applicant’s rights with respect to such testimony can be protected by giving it notice.) In sum, due process does not require that applicant be made a party but only that it have notice and the opportunity to be heard if not adequately represented by another party to the proceeding.
The second erroneous premise on which respondents’ motion is based is that applicant cannot be brought in to the proceeding more than 30 days after the filing of the board’s decision. As noted above, the statutory provisions under which the proceeding is brought are contained in article 78 of the Civil Practice Act and section 267 of the Town Law. Subdivision-7 of the latter section directs that “ the court at special term shall itself dispose of the cause on the merits, determining all questions which may be presented for determination under the provisions of ” section 1296 of the Civil Practice Act. The effect of that direction is to negate in a zoning case the requirement of subdivisions 6 and 7 of section 1296 and the following unnumbered paragraph of that section that cases in which the competence or weight of the evidence is to be reviewed be transferred to the Appellate Division; in other words, because of that direction, Special Term must, in a zoning case, make all of the determinations to be made on certiorari type review. Mutatis mutandis, Special Term also becomes clothed in a zoning case with the discretion granted the Appellate Division by the second sentence of section 1298 of the Civil Practice Act to “ direct that notice of the pendency of the special proceeding be given to any person in such a manner as it thinks proper, and may suspend the hearing until notice is given accordingly.” Whether Special Term may take the further step of bringing the applicant in as a party on its own motion or on application made pursuant to sections 111 and 1306 of the Civil Practice Act need not now be decided (but see People ex rel. Durham Realty Corp. v. Cantor, 234 N. Y. 507, revg. on the dissenting opinion below 201 App. Div. 834; People ex rel. Benedict v. Roe, 25 App. Div. 107, 110; Hall v. Scanlon, 35 N. Y. S. 2d, 697; People ex rel. West v. City of Syracuse, 28 Misc. 95; Third Annual Report of N. Y. Judicial Council, 1938, p. 170; and cf. People ex rel. American Sugar Refining Co. v. Sexton, 274 N. Y. 304, 308; People ex rel. New York Cent. R. R. Co. v. Gilson, 239 App. Div. 108, affd. 265 N. Y. 457). Clearly subdivision 7 of section 267 of the Town Law does not prevent *841 tlie court’s admitting a party to the proceeding after expiration of the 30-day period. Since, as noted above, due process requires only notice and the' opportunity to be heard, a party to whom notice is given under section 1298 is bound by the ultimate decision even though he does not in fact apply for permission to intervene. Even were it to he held that the court is without jurisdiction to require that applicant be joined as a party, therefore, it cannot he presumed that applicant when given notice will not voluntarily come in.
For all of the foregoing reasons, respondents’ motion to dismiss the proceeding must be, and is, denied. However, had respondents moved, as they should have, for an order requiring the joinder of applicant as a party, the court would, in the exercise of the authority with which it is vested by the second sentence of section 1298 of the Civil Practice Act and notwithstanding that at the present stage of the proceeding it does not appear that due process so requires, have directed that notice he given applicant. Accordingly the order to be entered hereon shall provide that petitioners serve upon applicant, in the manner provided by the Civil Practice Act for personal service of a summons, (1) a conformed copy of the petition in this proceeding, and (2) notice that the proceeding is pending, that applicant may pursuant to section 1298 of the Civil Practice Act become a party to the proceeding, and that an order has been made in the proceeding requiring that notice he given to applicant and suspending hearing of the proceeding until petitioners or respondents or applicant if it intervenes, renotice the matter for hearing, which may not, however, he sooner than 15 days after service of such papers upon applicant. The order shall further provide that hearing of the proceeding is suspended until such time, not less than 15 days after service upon applicant, as either petitioners or respondents or applicant if it intervenes renotices the matter for hearing and that such suspension is without prejudice to any application petitioners may Ho advised to make pursuant to section 1299 of the Civil Practice Act for a stay.