■     In the Matter of GEORGE COHEN et al., Doing Business as WASHINGTON WINE & LIQUOR STORE, Respondents, v. STATE LIQUOR AUTHORITY, Appellant, and NEW YORK CITY ALCOHOLIC BEVERAGE CONTROL BOARD, Respondent.— In a proceeding under article 78 of the CPLR by existing package store liquor

licensees in the neighborhood of certain newly licensed premises to annul the license which had been issued for said premises, State Liquor Authority appeals, by permission of the Supreme Court, Kings County, from an order of said court, entered December 15, 1965, which *inter alia* denied its motion to dismiss the proceeding on the ground that it was barred by the Statute of Limitations. Order affirmed, without costs, and without prejudice to an application by the new licensee, if so advised, for leave to intervene pursuant to CPLR 7802 (subd. [d]) within 20 days after entry of the order hereon. Respondent State Liquor Authority's time to answer is extended until 20 days after entry of the order hereon. The learned Justice at Special Term was correct in holding that the four-months period of limitation for this proceeding ran from the date of the issuance of the new liquor license. Subdivision 2 of section 121 of the Alcoholic Beverage Control Law provides that the *"issuance of a license* or permit by the liquor authority contrary to the recommendations of a local board" shall be "subject to review by the supreme court in the manner provided in article seventy-eight" of the CPLR (emphasis supplied). CPLR 217 declares that, unless a shorter time is prescribed in the law authorizing the proceeding, it must be commenced "within four months after the determination to be reviewed becomes final and binding". In this case the determination to be reviewed is the issuance of the license and the petition so states. It is true that there was an earlier determination by the Authority authorizing the issuance of the license in the event certain conditions were satisfied. Later, it was determined that these conditions had been met and the license was issued. No notice is required to be given of the Authority's action, save only the act of issuing the license. It would be wrong to hold that the time of limitation began to run from the earlier date, on which conditional approval was given, for in that case petitioners' time well might expire without any notice to them of the action against which they might wish to complain. Nor could it be said that at that earlier date the determination sought to be annulled was final and binding. *Matter of Greenbaum* v. *State Liq. Auth.* (23 A D 2d 967) upon which the dissenting memorandum relies, is not controlling here. There, neither the Special Term in its one-sentence memorandum nor the Appellate Division of the Supreme Court, First Department (in its affirmance without opinion), provides any rationale or facts which disclose precisely what was decided there. Significantly, that case involved a transfer proceeding, whereas the present case involves the issuance of a license and subdivision 2 of section 121 of the Alcoholic Beverage Control Law states that it is the "issuance of a license" which is the subject of judicial review. Since the new licensee has not sought to intervene, it was a proper exercise of discretion to deny the Authority's application to make him a party; and the direction (contained in the order appealed from) that said licensee be given notice of the proceeding was adequate (CPLR 7802, subd. [d]; see, also, *Matter of Leventhal* v. *Michaelis,* 29 Misc 2d 831). Ughetta, Christ, Brennan and Hopkins, JJ., concur; Beldock, P. J., dissents and votes to reverse the order and to grant the motion (*Matter of Greenbaum* v. *State Liq. Auth.,* 23 A D 2d 967).