Joseph F. Hawkins, J.
The respondent Village of Pelham moves to dismiss the relator’s tax certiorari petition as jurisdictionally defective. The questioned petition designates the ‘Village of Pelham ’ ’ as the respondent. The contention is that the respondent should he the “assessing unit”, which is the Board of Assessors consisting of the Mayor and Board of Trustees of the Village. By resolution of April 15, 1965, the Board of Trustees designated themselves as the “ Board of Assessors ” for the ensuing year.
Subdivision 2 of section 704 of the Real Property Tax Law provides that in the commencement of such proceeding: ‘ ‘ The proceeding shall be maintained against the assessors either by naming them individually or by using the official name of the assessing unit.”
Although the above would appear to be free of any ambiguity the term “assessors” is defined in subdivision 3 of section 102 as meaning “ elected or appointed officer or body of officers charged by law with the duty of assessing real property ”, whereas under subdivision 1, an “ ‘ Assessing unit ’ means a city, town, village ”.
Adding to the difficulties are the provisions of subdivision 1 of section 704, whereby such proceeding is commenced by service upon the officers designated in section 708; and the latter provides that service is so effected by delivery of the petition and notice “ to the clerk of such assessing unit ”.
It is thus apparent that in the Real Property Tax Law the terms “assessors” and “assessing units ” are on occasions used interchange ably or as equivalents.
If, as has been held, the office of the petition is similar to that of a complaint, the governmental unit here involved has been accorded due notice that its assessment is being questioned. The respondent has also contributed to the confusion by its very form of application for review of assessment which it heads “ Village of Pelham, N. Y.”.
A petitioner’s status to seek judicial review depends upon whether or not he is aggrieved by an assessment. By parity of reasoning, if the petitioner should ultimately be sustained, restitution or correction devolve upon the Village of Pelham and not upon the “ assessors ”. The named respondent is a proper party. As was recently noted in Matter of Bomas v. Buff cut (39 Misc 2d 872, 875): “ Section 726 of the Real Property Tax Law provides for a refund of taxes found to be illegally, erroneously, or improperly levied, which refund with interest is a charge to the levying governmental unit. The Town of Union thus can be directly affected by the outcome of these proceedings, *222 and so may be held as a proper party respondent. (Civ. Prac. Act, §§ 212, 213.) ”
It would, indeed, be most unfortunate if the petitioner were definitively denied its day in court because it was unaware of which officials wore which governmental hats on a given day. Although much difficulty would have been obviated had the niceties of designation been observed, we do not deem the petition to be so fatally defective as to bar the petitioner from prosecuting its proceeding. The motion is denied, without costs.,