Joseph F. Hawkins, J.
Respondents, Assessors of the Town of Wappinger, Dutchess County, move to dismiss the petition of the City of New York and to quash the proceeding whereby *906 petitioner seeks to have reviewed the tax assessment imposed upon its real property known as the “ Chelsea Water Works ”. The respondents allege that the notice and petition were not duly served in accordance with subdivision 1 of section 708 of the Real Property Tax Law, hence the court has no jurisdiction to entertain the proceeding. The applicable subdivision of the statute provides: “ 1. If the assessment to be reviewed was made by the assessors of an assessing unit, service shall be made by delivering three copies of the petition and notice to the clerk of such assessing unit, or, if there be no such clerk, then to the officer who performs the customary duties of that official, except that in a city having a population of one million or more, service of the petition shall be made by delivering a copy thereof to the president of the tax commission of such city or his duly authorized agent. Such clerk or other officer shall notify the assessors of the commencement of the proceeding. ’ ’
It is respondents’ contention that the pleadings at bar were served upon an employee rather than upon such ‘ clerk of such assessing unit”. As a corollary and sequel thereof, the proceeding now is permanently barred since it must be commenced within 30 days from the completion of the final tax .roll.
On June 1, 1967, the Assessors of the Town of Wappinger completed their tentative assessment roll for the ensuing tax year and-the petitioner’s properties were assessed for a combined total of $908,330. At the meeting of the Assessors on June 20, 1967, sitting as a Board of Review to hear complaints, it received a written complaint from petitioner seeking a reduction of assessment. This was served by an attorney, a member of the staff of the Corporation Counsel of the City of New York, who, on that occasion, contends he was introduced to one Gladys Timbo and that she was identified as the “ Clerk of the Board ”, Upon serving the petition and notice, petitioners’s attorney, acting as process server, asked for Mrs. Timbo and then served her with three copies of the pleadings. The attorney process server, after informing the recipient that these were ‘‘ papers from the City of New York”, thanked her and “ left the office without further conversation ”.
The respondents submit an affidavit by one Blaine H. Snowden, who is described as the ‘1 duly elected, qualified and acting Town Clerk of the Town of Wappinger ”, certifying that the requisite posting and publication had taken place; also, that she had never been served.
It appears that it is of abiding significance in ruling upon this motion to determine from the extensive presentations *907 wliat precise language was employed by the town’s attorney in introducing the Assistant Corporation Counsel of the City of New York to a member of the clerical staff of the Board of Assessors on the occasion of the grievance meeting held on June 20, 1967. There is, also, considerable discussion by both parties as to the effect, if any, of the adjournments extending the petitioner’s time to cure the defect of service; further, whether such adjournment or adjournments may have inadvertently extended petitioner’s time to correct the defect in service if, indeed, there was ineffective service.
The version of the attorney who acted as process server is that he attended the meeting of the Board of Review on June 20, 1967, and on that occasion served the written grievance complaint. At that time, the town’s counsel introduced the several Assessors to petitioner’s attorney and also “personally introduced Mrs. Gladys Timbo as Clerk of the Board’”. The affidavit of the petitioner’s attorney recounts a subsequent telephone call to the Town Clerk’s office on which occasion he spoke to an unidentified person from whom he requested the name of the “ Clerk of the Board of Review”, whereupon he was informed that the board did have such clerk and that her name was Mrs. Gladys Timbo. Thereafter, it is alleged, that as a result of a telephone conversation with the supervising attorney of the Law Department of the City of New York in Kingston, New York, an extension of time to plead or move was granted.
The affidavit of Gladys Timbo recites that she is “ employed by the Town of Wappinger as a secretary in the office of the assessors of that municipality” and that she recognized the process server as the same person who had previously filed the “ Grievance Complaint ”. Upon serving the petition, that affiant states that petitioner’s attorney asked for her and then served her with the pleadings, stating “ Here are the papers from the City of New York ” and that subsequently “ deponent gave the papers which were served upon her as aforesaid to Mr. Vernon Christensen, chairman of the assessors of the Town of Wappinger, on the day following service ”.
There is considerable argument and extensive discussion in the reply affidavit relating to the precise phraseology employed in introducing the process server to the Assessors. All concede, however, that he was present in the Assessor’s office on the occasion of the grievance committee meeting on June 20, 1967; the dispute is centered about what precise form such introduction .took. The version given by the town’s attorney is *908 that in a bantering or jocular manner he introduced Mrs. Timbo as.“ the big boss around here ”.
It is, of course, beyond question that the statute speaks of service “ upon the clerk of such assessing unit ”, which, by statute, is the Town Clerk. There is also an alternate provision that in the event there is ‘ no such clerk, then ’ ’ service may be effected “ upon the officer who performs the customary duties of that official ’ ’.
We deem it unnecessary and hence decline to make a finding as to the precise language employed in introducing the secretary recipient to petitioner’s attorney. There is no doubt that, as an employee who apparently performed more than routine clerical tasks, her .status may be classified as in loco clerici or locum tenons, an office given cognizance by the very statute.
The respondents misconstrue the office or function of a petition or summons. Their legal purpose is simply and merely to accord formal and definitive notice that the judicial process is being invoked. The prior grievance application coupled with actual physical and personal service occurring on the town’s premises and upon an employee of the town, followed in turn by virtually immediate delivery to the appropriate official, under the circumstances, constitutes compliance with the statute, for we deem the municipal employee so served as “ performing the customary duties ” as the surrogate of the Town Clerk.
This court refuses to add to the arcane rituals of the cult of certiorari. As noted by Judge Fkancis Bergan in his foreword to Lee and LeForestier’s “Review and Reduction of Real Property Assessments” (p. iii): “The average lawyer does not often appear in assessment litigation; and when he does he finds himself, as he would in an admiralty case, in a somewhat strange land with odd features both of substance and procedure. The terrain abounds in pitfalls ”.
The movants stress Matter of Putterman v. Tvedt (28 A D 2d 852) in which the majority affirmed without opinion. It does, however, appear from the strong dissenting opinion of Benjamin, J., that there the Town Clerk was not served but service was effected upon the sole Assessor of the town. The contrary is here present and distinguishable from Matter of Putterman {supra), and not to do so would result, as noted in that dissent, in “ hypertechnical reasoning”, “grossly inequitable result ” and condoning the petitioner’s being rendered “the victim of what might be termed an entrapment’ ”. The unusual, mitigating and distinguishing circumstances *909 attendant upon the service at bar make it meet to apply that dissent.
The holding in Matter of Shanty Hollow Corp. v. Poladian (17 N Y 2d 536) is distinguishable since service there was made upon the secretary to the chairman of the Board of Assessors with no service attempted upon the Town Clerk. Similarly, the Matter of Brack Constr. Corp. v. Board of Assessors (51 Misc 2d 747) which was an exactly parallel situation to that in Matter of Shanty Hollow Corp. v. Poladian (supra), is presently inapplicable. There are situations in certiorari matters where insubstantial failure to ‘ ‘ observe the niceties of designation ” should not be deemed “ fatally defective ” (People ex rel. Kidsanne Realty Corp. v. Village of Pelham, 51 Misc 2d 220, 222). Nor should section 708 of the Real Property Tax Law be so construed as the Court of Appeals refused to do with section 50-e of the General Municipal Law so as to serve as “ a trap to catch the unwary or the ignorant ’ ’ (Teresta v. City of New York, 304 N. Y. 440, 443, citing Sweeney v. City of New York, 225 N. Y. 271, 273).
We note again the petitioner’s contention that the adjournments agreed upon by counsel, in any event, extended the time to effect service. In view of the foregoing disposition, however, we need not and do not pass upon that point.
Motion is denied.