In the Matter of JAMES B. (ANONYMOUS), Appellant.— Order of the Family Court, Kings County, dated May 1, 1967, which adjudged appellant to be a person in need of supervision and placed him on probation for two years, reversed, on the law and the facts, without costs, and petition dismissed on the merits. The evidence was insufficient as a matter of law to sustain the petition. Christ, Acting P. J., Brennan, Rabin, Hopkins and Munder, JJ., concur.

In the Matter of HERBERT D. (ANONYMOUS), Appellant.— Order of the Family Court, Kings County, dated May 10, 1967, which adjudged appellant to be a juvenile delinquent and placed him on probation for two years, reversed, on the law and the facts, without costs, and petition dismissed on the merits. The evidence was insufficient as a matter of law to sustain the petition. Christ, Acting P. J., Brennan, Rabin, Hopkins and Munder, JJ., concur.

In the Matter of HAROLD BAKERMAN, Appellant, v. EDWARD S. SILVER, as Surrogate of the County of Kings, Respondent.— Judgment of the Supreme Court, Kings County, dated August 31, 1967, affirmed, without costs (see *Matter of Robinson,* 30 A D 2d 702). Christ, Acting P. J., Brennan, Benjamin, Munder and Martuscello, JJ., concur.

In the Matter of the CITY OF NEW YORK, Respondent, v. VERNER CHRISTENSEN et al., as Assessors of the Town of Wappinger, Appellants.— Order of the Supreme Court, Dutchess County, entered February 27, 1968, reversed, on the law and the facts, without costs, and appellants' motion to dismiss the petition and proceeding granted. *Matter of Putterman* v. *Tvedt* (28 A D 2d 852) is dispositive of the issues presented here. However, it is pertinent to note that the charges and countercharges and the proffered issue of credibility of witnesses concerning the surrounding circumstances of an admittedly improper service of process illustrate the wisdom of the rule that the jurisdiction of the court in tax assessment review matters should rest on an objective statutory test (Real Property Tax Law, § 708; *Matter of Putterman* v. *Tvedt, supra*). The petition must be dismissed for failure to serve the process in accordance with the statutory mandate. Beldock, P. J., Christ, Brennan and Hopkins, JJ., concur; Benjamin, J., concurs in the result, but adheres to the views expressed in his dissent in *Matter of Puttterman* v. *Tvedt* (28 A D 2d 852). [55 Misc 2d 905.]